Leon G. WOOD, Jr., and Pullman, Inc., Appellants,

v.

Dona Dale WOOD, Appellee.

No. 17383.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 10, 1979.

Rehearing Denied July 12, 1979.

Albert S. Low, Jr., Robert E. Morse, Jr.; Alison L. Smith, Vinson & Elkins, Houston, for appellants.

Nell H. Holloway, Dow, Cogburn & Friedman, Mitchell Ehrlich, Andrew C. Brown, Houston, for appellee.

EVANS, Justice.

This is an appeal from a temporary order entered December 11, 1978, in a divorce action requiring the husband's employer to

pay over to a court appointed receiver all of the husband's wages accruing during the pendency of the action.

In her original petition filed on May 25, 1978, the appellee alleged that her husband was temporarily stationed in Saudi Arabia where he was employed by Kellogg Saudi Arabia, Ltd., a subsidiary of Pullman, Inc. On May 30, 1978, the appellee filed a motion for substituted service, and on the basis of that petition, the trial court entered an order authorizing service "by any disinterested adult", but without naming the person authorized to effect such service. On May 31, 1978, an individual named Kenneth Gray served a copy of the original petition and notice of show cause on the appellant, and a return of such service was subsequently filed in the proceedings on June 1, 1978.

On July 10, 1978, a show cause hearing was held in the matter, but only the appellee and her attorney appeared. The trial court then entered a temporary order dated July 17, 1978, appointing Barvin & Lewis Company as receiver to manage the parties' real estate; ordering the appellant to pay to the appellee, as temporary alimony, the sum of $2,000.00 each month pending further order of the court; and temporarily enjoining the parties from disposing of their properties.

On July 26, 1978, the appellant filed his original answer in the proceedings and also filed a motion to set aside the temporary orders on the ground that he had not been afforded notice of the show cause hearing. It does not appear that such motion was ever heard by the trial court.

On October 2, 1978, the appellee filed her first supplemental petition naming as additional parties defendant, Baksh Pullman Kellogg and Pullman Kellogg, divisions of Pullman, Inc. Both such defendants timely filed their answers.

On November 27, 1978, a hearing was held which resulted in the entry of the temporary order of December 11, 1978. In this order, the trial court found that the receiver did not have sufficient funds to properly manage the parties' real estate

and that there were funds available, in excess of those needed for the parties' ordinary living expenses, which the receiver could use for such purposes. The trial court entered a mandatory injunction, effective until final hearing of the cause, commanding the defendant, Pullman, Inc., to pay over to the receiver, pending further order of the court, all monies due and owing, or to become due and owing to the appellant, during the pendency of the action. The trial court's order further instructed the receiver to disburse such funds according to the following priority: first, to pay the amounts required to discharge certain mortgage indebtedness and taxes due against the real properties; second, to use the funds received from Pullman, Inc., to pay the sum of $2,000.00 monthly to the appellee and the sum of $300.00 monthly to the appellant; and, third, to hold any and all other monies received from Pullman, Inc., pending further order of the court.

The appellant Leon G. Wood, Jr., and his employer, the appellant Pullman, Inc., both appeal from this order.

■ This court has jurisdiction to consider appeals from interlocutory orders only where authorized by rule or by statute. *Johnson Radiological Group v. Medina*, 566 S.W.2d 117 (Tex.Civ.App. [14th Dist.] 1978, writ dism'd as moot). Therefore, this court has jurisdiction to hear the appeal from the order in question only insofar as it grants injunctive relief. Rule 385(d) Tex.R.Civ.P. or pertains to the appointment of the receiver. Article 2250, Tex.Rev.Civ.Stat.Ann. (1971).

■ This court may review that portion of an order which is appealable and refuse to consider that portion which is non-appealable. *Martin v. Martin*, 519 S.W.2d 900 (Tex.Civ.App.-Houston [1st Dist.] 1975).

■ The appellants first contend that the trial court's injunctive order is void because it is tantamount to a garnishment of the husband's wages in contravention of Article 16, § 28, Texas Constitution and Article 4099 Tex.Rev.Civ.Stat.Ann. (1966).

This point will be sustained. Although the order is in the form of a temporary injunction, this court will look through both form and procedure to determine its true nature.

The record shows that Mr. Wood's salary was approximately $4,000.00 per month, and the temporary order requires approximately one-half of that amount to be disbursed monthly by the receiver to the appellee as temporary alimony. Thus, the temporary injunction order becomes, in actuality, a device for the collection of the husband's wages from his employer to use in the payment of temporary alimony to the appellee. This constitutes an illegal garnishment of the husband's wages. *Prewitt v. Smith,* 528 S.W.2d 893 (Tex.Civ.App.-Austin 1975, no writ).

The appellant, Leon G. Wood, Jr., also contends that the order in question should be set aside because the prior temporary order appointing the receiver is void for want of personal jurisdiction. He argues that he was not served with citation and notice with respect to the hearing at which the receiver was appointed and, therefore, was not afforded due process.

The appellant, Wood, did not appeal from the order appointing the receiver nor does it appear from the record that the ruling of the trial court was obtained on his motion to vacate the order of appointment. Subsequent to the order of appointment, the appellant, Wood, entered his appearance in the case, and the record reflects that he was given notice of the hearing on the order in question.

This court is granted statutory authority to review an appeal from an interlocutory order appointing a receiver or overruling a motion to vacate an order appointing a receiver. Article 2250 Tex.Rev. Civ.Stat.Ann. Other interlocutory orders pertaining to the receivership proceedings are not appealable in the absence of express statutory authority. *Adams v. Impey,* 131 S.W.2d 288 (Tex.Civ.App.-Beaumont 1939, no writ). This court, is therefore, without jurisdiction to review the order in question except to the extent that it grants injunctive relief.

The trial court's temporary injunctive order entered December 11, 1978 commanding the appellant, Pullman, Inc., to pay over to the receiver monies due and owing to the appellant, Leon G. Wood, Jr., is set aside and the cause is remanded to the trial court for further proceedings consistent with this opinion.

WALLACE and WARREN, JJ., also sitting.