Philip T. EICHELBERGER, Jr., M.D., Individually; Philip T. Eichelberger, Jr., M.D., P.A., Sponsor of the P.T. Eichelberger, Jr., M.D., P.A. Integrated Profit Sharing Plan; Philip T. Eichelberger, Jr., M.D., Trustee and Administrator of the P.T. Eichelberger Jr., M.D., P.A. Integrated Profit Sharing Plan; and the P.T. Eichelberger, Jr., M.D., P.A. Integrated Profit Sharing Plan, Appellants,

v.

Jane Bailey Eichelberger HAYTON, Appellee.

No. 01–90–00108–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 1991.

Rehearing Overruled Aug. 15, 1991.

Reba A. Eichelberger, Baytown, Tex., for appellants.

Jeffrey W. Gillispie, Houston, Tex., for appellee.

Before SAM BASS, STEPHENS[1] and PRICE,[2] JJ.

## OPINION

STEPHENS, Justice (Retired).

This appeal involves an interlocutory order that grants a temporary injunction in favor of Jane Bailey Eichelberger Hayton, appellee. Appellee did not file a brief.

Appellee and Philip T. Eichelberger, Jr., M.D. were divorced in 1979. Pursuant to the divorce decree, the district court awarded Hayton an undivided one-half interest in Eichelberger's retirement plan ("the plan"). The decree ordered Eichelberger to amend the plan to segregate Hayton's one-half interest into a separate account, so that Hayton could direct the plan's trustee in investing and reinvesting the segregated funds. The decree appointed Eichelberger trustee for Hayton with respect to the plan and the segregated account in the plan.

Since 1979, the parties have disputed rights afforded Hayton under the divorce decree regarding her interest in the plan. The threshold issue contested by the parties is whether federal or state court has jurisdiction to adjudicate Hayton's claims regarding her interest in the plan. Appellants maintain that Hayton's cause of action against Eichelberger for breach of fiduciary duty as trustee of her interest in the plan is preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982 & Supp. IV 1987). In spite of numerous claims filed by the parties in both state and federal courts, the issue of jurisdiction has not been resolved. The causes filed by the parties are summarized, as follows:

1. On December 3, 1981, Hayton filed an amended petition in state court to enforce the divorce decree, alleging that Eichelberger, as Hayton's trustee, breached his fiduciary duties to her and failed to segregate her one-half interest in the plan. Eichelberger asserted that the state court lacked jurisdiction to adjudicate the claim, as the plan was governed by ERISA. On March 17, 1982, the court dismissed Hayton's claim concerning her interest in the plan.

2. In 1982, Hayton filed a complaint in federal court, alleging the same issues contained her 1981 state court petition. On May 14, 1984, the federal judge dismissed the case.

3. In 1986, Congress passed a law that amended ERISA to allow state courts to retain jurisdiction of an interest in a plan that is a qualified domestic relations order ("QUADRO"), Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1056 (1982), *amended by* the Retirement Equity Act of 1984, 29 U.S.C. § 1056(d)(3) (1982 & Supp. III 1985). Based on the 1984 amendments, Hayton filed a motion for rehearing or new trial in the federal court action.[3] The federal court denied the motion.

---

1. The Honorable Bill J. Stephens, retired Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

3. The trial court had not ordered that Hayton's interest in the plan was a QUADRO.

4. On August 26, 1986, Hayton filed a motion to enforce judgment in the state trial court, alleging that Eichelberger amended the plan in accordance with the decree, but that as the trustee of her interest in the plan, he refused to comply with her instructions regarding the investment of her assests in the segregated account and refused to give her information about the plan.

Two days later, Hayton amended her petition, asking the court to issue a QUADRO. The amended petition alleged that appellee reasonably believed appellants would jeopardize her interest in the plan and requested that the court enjoin appellants from engaging in such activities and order appellants to provide certain information relative to the plan.

6. On April 23, 1987, Eichelberger filed for bankruptcy. Hayton filed a motion to determine the status of the plan, as it related to the bankruptcy proceeding. The motion is pending before the federal court.

7. On September 28, 1989, appellants removed the motion to enforce judgment that was filed in state court to the federal district court. On October 6, 1989, the federal district court remanded the case to state court. Appellants filed a motion for rehearing on the remand order, which is pending before the federal district court.

8. On September 27, 1989, the trial court granted Hayton's motion for severance to enforce her rights in the plan. One cause of action involves a motion in aid of clarification under section 3.70 of the Texas Family Code, to have the court issue an order that Hayton's interest in the plan is a QUADRO. The other action is against Eichelberger for breach of fiduciary duty and exemplary damages.

On October 10, November 22, and November 27, 1989, the master of the trial court conducted hearings on Hayton's motion for temporary orders concerning injunctive relief, discovery, and accounting. On January 17, 1990, the trial court issued a temporary injunction, ordered Eichelberger to provide Hayton's counsel with an accounting and supporting documents of all transactions in connection with the plan from December 9, 1979, and enjoined appellants from activities concerning the plan which would jeopardize Hayton's interest in the plan. Appellants appeal from this order of the trial court.

## Subject Matter Jurisdiction of ERISA Claims

In point of error one, appellants contend that the court erred in granting injunctive relief because it does not have subject matter jurisdiction of appellee's claims.

Appellants argue that federal courts have exclusive jurisdiction of this cause under the preemption provisions of ERISA. 29 U.S.C. § 1144 (Supp. IV 1987) We find appellants' arguments without merit.

■ Appellants fail to recognize that ERISA allows a state court to exercise jurisdiction of a former spouse's claims to rights and payments under a QUADRO. The preemption language of ERISA states:

*Except as provided in subsection (b) of this section,* the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) (Supp. IV 1987). Section 1144(b)(7) sets forth the following exception: *"Subsection (a) shall not apply to qualified domestic relations orders (within the meaning of section 1056(d)(3)(B)(i) of this title)."* (Emphasis added.) Thus, the broad federal preemption provision relating to ERISA will not apply to Hayton's claims if the trial court determines that her interest in the plan is a qualified domestic relations order.

A motion for clarification under the Texas Family Code and to have the court issue a qualified domestic relations order is pending in the trial court. This Court cannot, therefore, determine whether the state court lacks jurisdiction of Hayton's claims until the trial court enters a final judgment on appellee's motion in aid of clarification

regarding the QUADRO. The issue of preemption is not ripe for adjudication by this Court. We overrule appellants' first point of error.

### The Temporary Injunction

Appellants' second through seventh points of error concern the temporary injunction and orders entered by the trial court. In point of error seven, appellants contend that the court erred in granting injunctive relief because appellee failed to fulfill the statutory requirements for an injunction. We consider our conclusion as to this point of error dispositive of a ruling on points of error two through six.

■■■ Rule 684 of the Texas Rules of Civil Procedure requires that the court fix the amount of security to be given by an applicant for a temporary injunction.[4] No provision is made for waiver of this requirement. In the present case, the order issued by the trial court expressly states: "The requirement of a bond is hereby dispensed with." Under rule 684, a bond is specifically required as a condition precedent to the issuance of a temporary injunction, and the failure of the applicant to file such a bond renders the injunction void *ab initio*. *In re Lesher*, 651 S.W.2d 734, 736 (Tex.1983); *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956); *Couch Mortgage Co.*, 536 S.W.2d at 72.

We sustain appellants' seventh point of error; therefore, we need not reach the merits of appellants' points of error two through six.

### Temporary Orders for Discovery

Appellants argue in their eighth point of error that the district court abused its discretion in ordering duplicative discovery. The order signed by the trial court requires

appellants to provide plan documents from December 9, 1979 until the present time to counsel for appellee.

■■■ Temporary orders that do not grant injunctive relief are not generally subject to appeal. *Craft v. Craft*, 579 S.W.2d 506, 511 (Tex.Civ.App.—Dallas 1979), *writ ref'd per curiam*, 580 S.W.2d 814 (Tex.1979); TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon 1986). The courts of appeals have no jurisdiction to hear appeals from interlocutory orders, unless specifically authorized by statute. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 995 (1944). If a portion of an order is injunctive, then that part is reviewable, even though a portion of the order may be interlocutory and nonappealable. *Prodeco Exploration, Inc. v. Ware*, 684 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Wood v. Wood*, 585 S.W.2d 761, 762 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dismissed).

■■■ This Court lacks jurisdiction to review the portion of the order that compels production of documents. We, therefore, decline to review the merits of appellants' eighth point of error.

We dissolve the temporary injunction and dismiss the appeal from temporary discovery orders, for want of jurisdiction.

---

4. Rule 693a of the Texas Rules of Civil Procedure provides that in a divorce case, the court may dispense with the necessity of a bond in connection with an ancillary injunction in behalf of one spouse against the other. We note that the present cause of action is neither a divorce case, nor are the parties presently spouses. Thus, rule 693a is inapplicable. *See,* e.g., *North Side Bank v. Wachendorfer*, 585 S.W.2d 789, 793 (Tex.App.—Houston [1st Dist.] 1979, no writ); *Couch Mortgage Co. v. Hughes*, 536 S.W.2d 70, 72 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Crittenden v. Heckman*, 185 S.W.2d 495, 496 (Tex.Civ.App.—San Antonio 1945, no writ).