COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-208-CV

 

 

DON R. SANDERS AND                                                       APPELLANTS

SUSAN
SANDERS

 

                                                   V.

 

CITY OF GRAPEVINE, TEXAS,                                                APPELLEES

WILLIAM D. TATE, C. SHANE

WILBANKS,
SHARRON SPENCER, 

CLYDENE
JOHNSON, DARLENE FREED, 

TED
WARE, ROY STEWART, AND

ROGER
NELSON

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This is an appeal from the
trial court=s order
dismissing with prejudice all claims of appellants, Don R. and Susan Sanders,
against appellees the City of Grapevine, Texas (the City), and William D. Tate,
C. Shane Wilbanks, Sharron Spencer, Clydene Johnson, Darlene Freed, Ted Ware,
Roy Stewart, and Roger Nelson (the individual appellees), in appellants= suit concerning the City=s alleged failure to enforce its tree preservation ordinance.  In two points, appellants contend that the
trial court abused its discretion by granting the City=s plea to the jurisdiction and by granting the individual appellees= motion to dismiss.  We affirm
in part, reverse and remand in part, and dismiss in part.

                                                 Facts

Appellants bought a home
constructed by Weekley Homes, L.P. d/b/a David Weekley Homes, one of the
defendants below, in the Silverlake Estates Subdivision in Grapevine,
Texas.  One of the primary reasons appellants
selected the Silverlake Estates was due to its Awooded@ and Acountry atmosphere.@








After moving into their new
home, appellants sued Weekley Homes, a related development company, the City,
and the individual appellees, who are the mayor, city manager, and city council
members of the City.  In their original
petition, appellants alleged that a sales consultant for Weekley Homes had
assured them that Weekley Homes intended for the subdivision to have a wooded,
country atmosphere, that Weekley Homes Awould take ordinary care@ to preserve existing trees, that the City of Grapevine had Aan extremely tough tree ordinance,@ and that the amenities for the subdivision would include wooded home
sites.  Appellants also alleged that
after they moved into their new home, it became clear to them that Weekley
Homes had no intention of complying with, and the City had no intention of
enforcing, the tree ordinance, as evidenced by the destruction of numerous
trees within the subdivision by Weekley Homes. 
Appellants further alleged that after they attempted to resolve the
problem by correspondence and attendance at City Council meetings, Weekley
Homes=s employees and the City began a systematic plan of harassing
them.  

Based on these alleged facts,
appellants brought claims for breach of contract and DTPA violations against
Weekley HomesCand for
fraud, negligence, and negligent misrepresentation against all of the appelleesCdue to Weekley Homes=s failure to comply with, and the City=s failure to enforce, the City=s tree ordinance.  They also
sought a declaratory judgment as to Athe rights, status and other legal relations@ among appellants and appellees with regard to the sales contract with
Weekley Homes and the City=s tree preservation ordinance. 
Appellants also sought punitive damages as well as attorney=s fees.








Weekley Homes filed a motion
to compel arbitration of appellants= claims against it, which the trial court granted.  The City then filed a plea to the
jurisdiction, contending that appellants= claims against it should be dismissed with prejudice because the City
is entitled to governmental immunity[1]
from appellants= suit.  In the same document, the individual
appellees filed a motion to dismiss the claims against them with prejudice
under section 101.106(e) of the civil practice and remedies code, the election
of remedies section of the Texas Tort Claims Act (TTCA).  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.106(e) (Vernon 2005).

Appellants subsequently filed
a first amended petition.  The first
amended petition contained the same factual allegations as appellants= original petition, with the addition of a paragraph regarding
appellants= discovery
of the development company=s involvement.  It also
contained a section alleging that the City was liable to appellants under
section 101.0215 of the civil practice and remedies code for damages arising
from its governmental function of enforcing the tree ordinance.  Id. ' 101.0215.








The trial court subsequently
granted the City=s plea to
the jurisdiction and the individual appellees= motion to dismiss, dismissing all claims against them with prejudice.  Appellants timely filed this appeal pursuant
to section 51.014(a)(8) of the civil practice and remedies code, which allows
an interlocutory appeal from a trial court=s order granting a governmental unit=s plea to the jurisdiction.  Id.
' 51.014(a)(8) (Vernon Supp. 2006); Tex.
R. App. P. 26.1(b), 28.1.[2]

Dismissal of Appeal as to Individual Appellees








In their
second point, appellants contend that the trial court abused its discretion by
granting the individual appellees= motion to dismiss under section 101.106(e) of the civil practice and
remedies code.  Generally, a Texas
appellate court has jurisdiction to hear an appeal only if it is from a final
judgment.  Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  Appellate courts have jurisdiction to
consider immediate appeals of interlocutory orders only if a statute explicitly
provides appellate jurisdiction.  Stary
v. DeBord, 967 S.W.2d 352, 352‑53 (Tex. 1998); N.Y. Underwriters
Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990).   Although the trial court=s denial of the City=s plea to the jurisdiction is an appealable, interlocutory order under
section 51.014(a)(8) of the civil practice and remedies code, the trial court=s granting of the individual appellees= motion to dismiss under section 101.106(e) is not.[3]  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).

When a party appeals from two
interlocutory orders, only one of which is made appealable by statute, the
proper course is to dismiss the part that is nonappealable and to rule on the
part from which an appeal may be taken.  Kaplan
v. Tiffany Dev. Corp., 69 S.W.3d 212, 217 (Tex. App.CCorpus Christi 2005, no pet.); Eichelberger v. Hayton, 814
S.W.2d 179, 182 (Tex. App.CHouston [1st Dist.] 1991, writ denied).  Accordingly, we dismiss appellants= second point complaining about the trial court=s granting of the individual appellees= motion to dismiss for want of jurisdiction.  See Tex.
R. App. P. 42.3(a), 43.2(f).

Whether
City=s
Governmental Immunity Waived Under Civil Practice and Remedies Code Section
101.0215

 








In their first point,
appellants assert that the trial court abused its discretion by granting the
City=s plea to the jurisdiction because the City=s immunity from suit and liability is waived under section
101.0215(28) and (29) of the TTCA.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.0215(28), (29).  They
contend that the statute=s language
clearly waives immunity and makes a city liable for the damages arising from
the city=s exercise of its now statutorily defined governmental functions.  That provision states, in part, that A[a] municipality is liable under this chapter for damages arising from
its governmental functions, . . . exercised by the municipality in the interest
of the general public, including, but not limited to: . . . building codes and
inspection; [and] . . . zoning, planning, and plat approval.@  Id.  Appellants claim that these two
subsections of section 101.0215 form the basis for their causes of action as
well as their support for waiver of immunity. 

In response, the City contends
that a municipality is never liable for intentional torts, such as the fraud
alleged by appellants, or exemplary damages, citing sections 101.057(2) and
101.024 of the civil practices and remedies code.  Id. '' 101.057(2), 101.024.  Further,
as to the negligence causes of action, the City contends that appellants failed
to assert a claim within a city=s limited waiver of immunity established by section 101.021 of the
TTCA.   Id. '101.021.








Standard
of Review

Governmental
immunity defeats a trial court=s subject matter jurisdiction and thus is properly asserted in a plea
to the jurisdiction.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225-26 (Tex. 2004); Tex. Dep=t of Transp. v. Andrews, 155 S.W.3d
351, 355-56 (Tex. App.CFort Worth
2004, pet. denied).  The trial court must
determine at its earliest opportunity whether it has the constitutional or
statutory authority to decide the case before allowing the litigation to
proceed.  Miranda, 133 S.W.3d at
226.

We review the trial court=s ruling on a plea to the jurisdiction based on immunity from suit
under a de novo standard of review. 
Id. at 225-26, 228; Tex. Natural Res. Conservation Comm'n v.
IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002); Andrews, 155 S.W.3d
at 355-56.  Whether a pleader has alleged
facts that affirmatively demonstrate a trial court=s subject matter jurisdiction, or whether undisputed evidence of
jurisdictional facts establishes a trial court=s jurisdiction, is a question of law. 
Miranda, 133 S.W.3d at 226. 
Here, the nature of appellants= claims are not disputed; rather, it is the legal effect of those
claims that is disputed.  Thus, we
determine as a matter of law whether the alleged facts establish jurisdiction.








When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court=s jurisdiction to hear the cause. 
Id.; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993).  We construe
the pleadings liberally in favor of the plaintiff and look to the pleader=s intent.  Miranda, 133
S.W.3d at 226; Tex. Ass'n of Bus., 852 S.W.2d at 446.  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court=s jurisdiction but do not affirmatively demonstrate incurable defects
in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs
should be afforded the opportunity to amend. 
Miranda, 133 S.W.3d at 227-28.  
However, if the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing
the plaintiffs an opportunity to amend.  Id.
at 228.

Applicable Law













Section 101.0215 of the TTCA
provides a nonexclusive list of governmental functions for which a municipality
may be held liable under the Act.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.0215; City of Kemah v. Vela, 149 S.W.3d 199, 203 n.1 (Tex.
App.CHouston [14th Dist.] 2004, pet. denied).  It does not provide an independent basis for
a waiver of governmental immunity.  City
of Kemah, 149 S.W.3d at 203 n.1; see McKinney v. City of Gainesville,
814 S.W.2d 862, 865 (Tex. App.CFort Worth 1991, no writ). 
Therefore, for a city to be subject to suit and liability[4]
for conduct falling within the list of governmental functions in section
101.0215, the conduct must also fall within one of the three general areas for
which immunity from liability and suit is waived under the Act.  City of Kemah, 149 S.W.3d at 203 n.1;
Williams v. City of Midland, 932 S.W.2d 679, 683 & n.1 (Tex. App.CEl Paso 1996, no writ); McKinney, 814 S.W.2d at 865; see
Martinez v. City of San Antonio, No. 04-05-00775-CV, 2006 WL 3497250, at *3
(Tex. App.CSan Antonio
Dec. 6, 2006, no pet.); City of Mesquite v. PKG Contracting, Inc., 148
S.W.3d 209, 212-13 (Tex. App.CDallas 2004), rev=d on other grounds, 197 S.W.3d 388 (Tex.
2006); City of Houston v. Boyle, 148 S.W.3d 171, 180 (Tex. App.CHouston [1st Dist.] 2004, no pet.). 
Thus, we must first determine whether the alleged conduct falls within a
governmental function category under section 101.0215; if it does, we must then
look to see whether the conduct falls within one of the other provisions of
chapter 101 that waives immunity.  Pakdimounivong
v. City of Arlington, No. 02-05-00414-CV, 2006 WL 3438218, at *4 (Tex. App.CFort Worth Nov. 30, 2006, no pet. h.); McKinney, 814 S.W.2d at
865; see Tex. Civ. Prac. &
Rem. Code Ann. ' 101.021(1)B(2), ' 101.022
(Vernon Supp. 2006); Miranda, 133 S.W.3d at 225.

Here, appellants claim that
the City=s act of failing to enforce the tree ordinance was a governmental
function, and the City does not dispute that contention.  Thus, we must determine whether appellants
alleged conduct by the City that would fall within the areas of conduct for
which governmental immunity is waived under the TTCA.

The TTCA waives governmental
immunity for property damage, personal injury, and death caused by the use of
publicly owned automobiles and premises defects, and personal injury and death
caused by the condition or use of tangible personal or real property, to the
extent a private person would be liable for such condition or use of personal
or real property.  Tex. Civ. Prac. & Rem. Code Ann. '' 101.021(1)B(2),
101.022; Miranda, 133 S.W.3d at 225; County of Cameron v. Brown,
80 S.W.3d 549, 554 (Tex. 2002).  The Act
does not waive immunity from suit and liability for intentional torts.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.057(2); Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575,
580 (Tex. 2001); Meroney, 200 S.W.3d at 710.








Appellants= negligence allegations against the City, construed liberally in their
favor, do not allege conduct falling within any of these areas.  See Brown, 80 S.W.3d at 554
(discussing governmental entity=s duty in premises defect case not to injure by willful, wanton, or
grossly negligent conduct and to use ordinary care either to warn of condition
presenting unreasonable risk of harm of which entity is actually aware and
plaintiff is not or to make condition reasonably safe); City of Denton v.
Page, 701 S.W.2d 831, 834 (Tex. 1986) (holding that property owner has duty
to keep real property in reasonably safe condition for invitees or to warn of
any hazard).  Moreover, the trial court
has no jurisdiction over appellants= fraud claim because fraud is an intentional tort.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.057(2); Gen. Elec. Co. v. City of Abilene, 795 S.W.2d 311,
313 (Tex. App.CEastland
1990, no writ).  Accordingly, appellants= pleadingsCwhich they
amended after the City filed its plea to the jurisdictionCaffirmatively negate the trial court=s jurisdiction over their TTCA claims.[5]








We are left with appellants= claim for declaratory relief, which neither parties specifically
addressed in their briefing.  The
Declaratory Judgment Act does not extend a trial court=s jurisdiction, and a litigant=s request for declaratory relief does not confer jurisdiction on a
court or change a suit=s underlying
nature.  IT‑Davy, 74 S.W.3d
at 855.  Consequently, private parties
cannot circumvent governmental immunity by characterizing a suit for money
damages as a declaratory judgment claim or by seeking to establish a contract=s validity, to enforce performance under a contract, or to impose
contractual liabilities against the governmental entity.  See id. at 855-56.  However, a party does not need legislative
permission to sue a governmental entity to determine its rights under a statute
or ordinance.  Id. at 859-60; Fed.
Sign v. Tex. So.  Univ., 951 S.W.2d
401, 404 (Tex. 1997); City of Anson v. Harper, No. 11-05-00398-CV, 2006
WL 1914611, at *8 (Tex. App.CEastland July 13, 2006, no pet.); see Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a) (Vernon 1997).  If a
party is challenging the validity of a municipal ordinance, the municipality must
be joined in the suit.  Tex. Civ. Prac. & Rem. Code Ann. ' 37.006(b); IT-Davy, 74 S.W.3d at 860; Tex. Educ. Agency v.
Leeper, 893 S.W.2d 432, 446 (Tex. 1994).








Here, appellants= first amended petition includes the following:  APursuant to the Texas Declaratory Judgment Act, [appellants] hereby
[seek] a declaration of the rights, status and other legal relations between
[appellants] and Defendants with regard to the Real Estate Purchase Agreement
and the Tree Preservation Ordinance for the City.@  As relief, they asked for Ajudgment over and against Defendants for damages in excess of the
minimum jurisdictional limits of this Court, enhance[d] damages, punitive
damages, attorney=s fees,
costs, interest and general relief.@ 

Although appellants= request for relief expressly asks only for monetary damages and does
not clearly delineate the declaratory judgment relief that appellants are
seeking regarding the tree ordinance, the first amended petition does assert
that appellants are seeking a declaration of their rights and status under the
tree ordinance.  Construing the petition
liberally in appellants= favor, we
hold that their claim for declaratory relief, on its face, does not seek to
impose damages or other liability on the City; therefore, on the pleadings
before us and the trial court, the City does not have immunity from appellants= cause of action under the Declaratory Judgment Act, and the trial
court erred by granting the City=s plea to the jurisdiction as to that claim.  At the very least, appellants should have
been afforded the opportunity to replead to clarify the specific declaratory
relief sought.  See Miranda, 133
S.W.3d at 226-27.

Having determined that the
trial court erred by granting the City=s plea to the jurisdiction as to appellants= declaratory judgment claim but not as to their fraud and negligence
claims, we overrule appellants= first point in part and sustain it in part.








Conclusion

Having
overruled appellants= first point
in part and sustained it in part, we affirm the part of the trial court=s May 25, 2006 order granting the City=s plea to the jurisdiction as to appellants= fraud and negligence claims against the City.  However, we reverse the part of its May 25,
2006 order granting the City=s plea to the jurisdiction as to appellants= claim under the Declaratory Judgment Act and remand to the trial
court for further proceedings consistent with this opinion.  We dismiss the appeal of the part of the
trial court=s May 25,
2006 order granting the individual appellees= motion to dismiss, for want of jurisdiction.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DELIVERED:
February 1, 2007











[1]Sovereign
immunity refers to the State=s immunity while governmental
immunity refers to the immunity of political subdivisions of the State,
including counties, cities, and school districts.  Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 694 n.3 (Tex. 2003).





[2]The
remainder of the case against the development company remains pending and is
stayed during the interlocutory appeal of the grant of the City=s
plea to the jurisdiction.  Tex. Civ. Prac. & Rem. Code Ann. '
51.014(b).





[3]Section
101.106(e) provides that A[i]f
a suit is filed under this chapter [the TTCA] against both a governmental unit
and any of its employees, the employees shall immediately be dismissed on the
filing of a motion by the governmental unit.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.106(e); Meroney v.
City of Colleyville, 200 S.W.3d 707, 712 (Tex. App.CFort
Worth 2006, pet. filed).

 

 





[4]Section
101.025 of the TTCA waives a governmental entity=s
immunity from suit to the extent that its immunity from liability is waived
under the Act.  Tex. Civ. Prac. & Rem. Code Ann. '
101.025.





[5]Additionally,
the trial court would also be without jurisdiction to impose any punitive
damages against the City.  See Tex. Civ. Prac. & Rem. Code Ann. '
101.024; Durbin v. City of Winnsboro, 135 S.W.3d 317, 325 (Tex. App.CTexarkana
2004, pet. denied).