Opinion issued November 8, 2007








           





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00379-CV
  __________
 
RAYMOND WILLIAMS WASHINGTON, Appellant
 
V.
 
LARRY COLE, Appellee
 

 
 
On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2006-43004
 

 
 
MEMORANDUM OPINION
          Raymond Williams Washington appeals an interlocutory trial court order
granting in part Larry Cole’s motion for summary judgment. We conclude that we
lack statutory authority to consider this interlocutory appeal and therefore dismiss it
for want of jurisdiction.
Background
          Jimmy and Maddie Taylor sued Larry Cole for breach of warranty of title in
order to perfect title on the property that the Taylors had purchased from Cole. In an
attempt to cure title to the property, Cole brought an action for judicial foreclosure
of the vendor’s lien placed on the property when Cole attempted to sell the property
to Dorothy Ruth. Ruth bought the property, but defaulted on her payments and
subsequently died. Raymond Williams Washington claims to be Ruth’s sole heir, and
Cole brought in Washington as a third party.
          Washington counter-sued Cole. Alleging that Cole defrauded Washington by
filing false court records and liens, Washington claimed declaratory judgment, civil
conspiracy, negligence, fraud, negligent misrepresentation, unfair trade practices,
unjust enrichment, and intentional infliction of emotional distress. In response, Cole
moved for summary judgment, contending that Washington had no evidence to
support any of his causes of action. Without stating its reasons, the trial court granted
Cole’s motion for summary judgment on all claims except unjust enrichment. In
addition to Washington’s unjust enrichment claim, the Taylors’ claims against Cole
also remain pending. Washington appeals the trial court’s partial granting of Cole’s
motion for summary judgment.
  
Interlocutory Appeal
          Unless specifically authorized by statute, we have jurisdiction to review only
final judgments. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997);
Stolhandske v. Stern, 14 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied). A summary judgment that does not dispose of all issues and parties is
interlocutory and may not be appealed absent statutory authority permitting an
interlocutory appeal. See Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex.
1985) (orig. proceeding). The trial court order here does not contain finality language
or otherwise state that it is a final judgment, nor does it dispose of all claims and
parties. We therefore must determine whether we are otherwise statutorily authorized
to consider this interlocutory appeal.
          Under Texas procedure, appellate courts possess jurisdiction to consider
immediate appeals of interlocutory orders only if a statute explicitly confers appellate
jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998); Eichelberger
v. Hayton, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied). 
A statute authorizing an appeal from an interlocutory order is in derogation of the
general rule that only final judgments are appealable; thus, we strictly construe such
a statute. Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd., 95 S.W.3d 511, 514
(Tex. App.—Houston [1st Dist.] 2002, no pet.).
          The general Texas statute permitting appeals from interlocutory orders does not
include an order granting in part a motion for summary judgment as one of those
interlocutory trial court orders from which a party may appeal. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(1)-(11) (Vernon Supp. 2006) (setting forth 11 types
of appealable interlocutory orders). Accordingly, we have no jurisdiction to consider
the validity of the trial court’s ruling on this interlocutory order. 
Conclusion
          We conclude that we lack statutory authority to consider the parties’
interlocutory appeal and therefore dismiss the appeal for want of jurisdiction.
 
                                                   George C. Hanks, Jr.
                                                   Justice

Panel consists of Justices Taft, Hanks, and Higley.