**Michael EASTON and Maria Easton, Appellants**

v.

**Brian W. BRASCH, Appellee.**

**No. 01–08–00943–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 2009.

Michael Easton, Richmond, TX, Susan C. Norman, Houston, TX, for Appellants.

Gregory L. Cox, Stafford, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HANKS.

## OPINION

ELSA ALCALA Justice.

In this interlocutory appeal, appellants, Michael Easton and Maria Easton, appeal from the trial court's order granting a temporary injunction on behalf of appellee, Brian W. Brasch. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon 2008). In their first two issues, the Eastons contend that the trial court erred by enjoining Michael because Brasch filed no pleadings requesting injunctive relief. In the third issue, Maria challenges the denial of her request for attorney's fees. We conclude that the trial court abused its discretion in issuing a temporary injunction against Michael Easton because no pleadings requested the injunction. We further conclude we have no jurisdiction to review that portion of the order denying Maria's attorney's fees and dismiss that portion of the appeal. We therefore modify the trial court's order and, as modified, affirm.

## Background

The Eastons filed suit against Brasch to enforce the deed restrictions of their subdivision. The Eastons sought a permanent injunction, actual damages, exemplary damages, and attorney's fees. The Eastons also filed a separate application for a temporary restraining order and a temporary injunction. Brasch filed only a general denial.

The trial court held a hearing on the temporary injunction. After the hearing, the trial entered a mutual injunction, enjoining both Michael and Brasch, and their "agents, servants, employees and those persons in active concert or participation with them," from entering the other's property or communicating with each other. The court further stated that Maria Easton was not being enjoined. The trial court also stated in the temporary injunction order that "each party is responsible for and will pay their [sic] own attorney's fees and costs for the hearing on [the temporary injunction]."

## Prerequisites to Injunctive Relief

■ In their first two issues, the Eastons contend that the trial court erred by issuing a temporary injunction because Brasch failed to comply with the Texas Rules of Civil Procedure that require that all injunctions be supported by pleadings that are verified by affidavit.

■ Texas Rule of Civil Procedure 682 provides, "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." TEX.R. CIV. P. 682. "To obtain a temporary injunction, the applicant must *plead* and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent,

and irreparable injury in the interim." *TMC Worldwide, L.P. v. Gray*, 178 S.W.3d 29, 36 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (emphasis added) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002)).

Here, the only pleading in the record from Brasch is a general denial. No pleading or motion of Brasch's requests injunctive relief. We hold the trial court abused its discretion by granting injunctive relief to Brasch, who never pleaded for injunctive relief. *See* TEX.R. CIV. P. 682; *TMC Worldwide*, 178 S.W.3d at 36; *see also Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 258 n. 6 (Tex.App.-Houston [14th Dist.] 1998, no pet.) ("Without sworn pleadings and the required showing in the trial court, injunctive relief is improper.").

We sustain the Eastons' first and second issues.

## Attorney's Fees

■ In the third issue, Maria contends the "trial court abused its discretion in summarily denying Maria Easton her attorney's fees before the conclusion of the case when the fees were unchallenged and un-rebutted."

■ "Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders, such as the one in this case, only if a statute explicitly provides appellate jurisdiction." *Thrivent Fin. for Lutherans v. Brock*, 251 S.W.3d 621, 622 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998); *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex.App.-Houston [1st Dist.] 1991, writ denied)). "Texas courts strictly construe statutes authorizing interlocutory appeals because a statute authorizing an appeal from an interlocutory order is in derogation of the

general rule that only final judgments are appealable." *Id.* (citing *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.,* 95 S.W.3d 511, 514 (Tex.App.-Houston [1st Dist.] 2002, no pet.)).

■ A party may appeal an interlocutory order that "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). "Temporary orders that do not grant injunctive relief are not generally subject to appeal." *Eichelberger,* 814 S.W.2d at 182. When a portion of an order is injunctive, and another portion is not, we may review only that portion granting or denying injunctive relief and may not address the other portions. *Id.*

The trial court's order providing that Maria and Brasch each pay their attorney's fees for the temporary injunction hearing is an interlocutory order that does not grant or deny injunctive relief. We therefore lack jurisdiction to address it. *See Eichelberger,* 814 S.W.2d at 182 (refusing to address portion of interlocutory order providing additional discovery and addressing only portion concerning injunctive relief); *see also Letson v. Barnes,* 979 S.W.2d 414, 417 (Tex.App.-Amarillo 1998, pet. denied) ("[A]n appeal of a temporary injunction is not a vehicle which imbues the court with jurisdiction to address interlocutory matters outside the scope of section 51.014 of the Texas Civil Practice and Remedies Code."); *Markel v. World Flight, Inc.,* 938 S.W.2d 74, 78 (Tex.App.-San Antonio 1996, no writ) (addressing appeal of temporary injunction but dismissing for want of jurisdiction appeal of denial of motions to transfer venue and impose monetary sanctions).

We dismiss that portion of the appeal concerning the trial court's denial of Maria's attorney's fees.

## Conclusion

We modify the trial court's order to remove that portion entering an injunction against Michael Easton. We dismiss the appeal of trial court's order concerning the denial of Maria Easton's attorney's fees. As modified, we affirm the trial court's order. All pending motions are denied.