Opinion issued February 19, 2009



 






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00943-CV






MICHAEL EASTON AND MARIA EASTON, Appellants


V.


BRIAN W. BRASCH, Appellee






On Appeal from County Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 08-CCV-037489






O P I N I O N


 In this interlocutory appeal, appellants, Michael Easton and Maria Easton,
appeal from the trial court's order granting a temporary injunction on behalf of
appellee, Brian W. Brasch. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4)
(Vernon 2008). In their first two issues, the Eastons contend that the trial court erred
by enjoining Michael because Brasch filed no pleadings requesting injunctive relief. 
In the third issue, Maria challenges the denial of her request for attorney's fees. We
conclude that the trial court abused its discretion in issuing a temporary injunction
against Michael Easton because no pleadings requested the injunction. We further 
conclude we have no jurisdiction to review that portion of the order denying Maria's
attorney's fees and dismiss that portion fo the appeal. We therefore modify the trial
court's order and, as modified, affirm.

Background The Eastons filed suit against Brasch to enforce the deed restrictions of their
subdivision. The Eastons sought a permanent injunction, actual damages, exemplary
damages, and attorney's fees. The Eastons also filed a separate application for a
temporary restraining order and a temporary injunction. Brasch filed only a general
denial.

 The trial court held a hearing on the temporary injunction. After the hearing,
the trial entered a mutual injunction, enjoining both Michael and Brasch, and their
"agents, servants, employees and those persons in active concert or participation with
them," from entering the other's property or communicating with each other. The
court further stated that Maria Easton was not being enjoined. The trial court also
stated in the temporary injunction order that "each party is responsible for and will
pay their [sic] own attorney's fees and costs for the hearing on [the temporary
injunction]."

Prerequisites to Injunctive Relief

 In their first two issues, the Eastons contend that the trial court erred by issuing
a temporary injunction because Brasch failed to comply with the Texas Rules of Civil
Procedure that require that all injunctions be supported by pleadings that are verified
by affidavit.

 Texas Rule of Civil Procedure 682 provides, "No writ of injunction shall be
granted unless the applicant therefor shall present his petition to the judge verified by
his affidavit and containing a plain and intelligible statement of the grounds for such
relief." Tex. R. Civ. P. 682. "To obtain a temporary injunction, the applicant must
plead and prove three specific elements: (1) a cause of action against the defendant; 
(2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable
injury in the interim." TMC Worldwide, L.P. v. Gray, 178 S.W.3d 29, 36 (Tex.
App.--Houston [1st Dist.] 2005, no pet.) (emphasis added) (citing Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 204 (Tex. 2002)). 

 Here, the only pleading in the record from Brasch is a general denial. No
pleading or motion of Brasch's requests injunctive relief. We hold the trial court
abused its discretion by granting injunctive relief to Brasch, who never pleaded for
injunctive relief. See Tex. R. Civ. P. 682; TMC Worldwide, 178 S.W.3d at 36; see
also Kenneth Leventhal & Co. v. Reeves, 978 S.W.2d 253, 258 n.6 (Tex.
App.--Houston [14th Dist.] 1998, no pet.) ("Without sworn pleadings and the
required showing in the trial court, injunctive relief is improper.").

 We sustain the Eastons' first and second issues. Attorney's Fees

 In the third issue, Maria contends the "trial court abused its discretion in
summarily denying Maria Easton her attorney's fees before the conclusion of the case
when the fees were unchallenged and un-rebutted." 

 "Appellate courts have jurisdiction to consider immediate appeals of
interlocutory orders, such as the one in this case, only if a statute explicitly provides
appellate jurisdiction." Thrivent Fin. for Lutherans v. Brock, 251 S.W.3d 621, 622
(Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Stary v. DeBord, 967 S.W.2d
352, 352-53 (Tex. 1998); Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex.
App.--Houston [1st Dist.] 1991, writ denied)). "Texas courts strictly construe
statutes authorizing interlocutory appeals because a statute authorizing an appeal
from an interlocutory order is in derogation of the general rule that only final
judgments are appealable." Id. (citing Walker Sand, Inc. v. Baytown Asphalt
Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.--Houston [1st Dist.] 2002, no pet.)).

 A party may appeal an interlocutory order that "grants or refuses a temporary
injunction." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). "Temporary orders
that do not grant injunctive relief are not generally subject to appeal." Eichelberger,
814 S.W.2d at 182. When a portion of an order is injunctive, and another portion is
not, we may review only that portion granting or denying injunctive relief and may
not address the other portions. Id. 

 The trial court's order providing that Maria and Brasch each pay their
attorney's fees for the temporary injunction hearing is an interlocutory order that does
not grant or deny injunctive relief. We therefore lack jurisdiction to address it. See
Eichelberger, 814 S.W.2d at 182 (refusing to address portion of interlocutory order
providing additional discovery and addressing only portion concerning injunctive
relief); see also Letson v. Barnes, 979 S.W.2d 414, 417 (Tex. App.--Amarillo 1998,
pet. denied) ("[A]n appeal of a temporary injunction is not a vehicle which imbues
the court with jurisdiction to address interlocutory matters outside the scope of
section 51.014 of the Texas Civil Practice and Remedies Code."); Markel v. World
Flight, Inc., 938 S.W.2d 74, 78 (Tex. App.--San Antonio 1996, no writ) (addressing
appeal of temporary injunction but dismissing for want of jurisdiction appeal of
denial of motions to transfer venue and impose monetary sanctions).

 We dismiss that portion of the appeal concerning the trial court's denial of
Maria's attorney's fees.

Conclusion

 We modify the trial court's order to remove that portion entering an injunction
against Michael Easton. We dismiss the appeal of trial court's order concerning the 
denial of Maria Easton's attorney's fees. As modified, we affirm the trial court's
order. All pending motions are denied.

 


 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.