

# NUMBER 13-10-236-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

| | |
|---|---|
| **INFORMATION REFERRAL RESOURCE ASSISTANCE, INC.,** | **Appellant,** |
| **v.** | |
| **DR. ISMAEL CANTU,** | **Appellee.** |

---

### On Appeal from the 275th District Court of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela**
**Memorandum Opinion Per Curiam**

Appellant, Information Referral Resource Assistance, Inc. ("IRRA"), appeals from an order granting a new trial in favor of appellee, Dr. Ismael Cantu. We dismiss the appeal.

I.

Dr. Cantu was employed as the superintendent of IRRA's charter school when his employment contract was not renewed and he was suspended with pay. Cantu brought suit against IRRA for breach of contract and for violations of the Texas Whistleblower Act. *See generally* TEX. GOV'T CODE ANN. §§ 554.001-554.010 (Vernon 2004 & Supp. 2009). IRRA filed a motion for summary judgment on grounds that "Cantu did not file his whistleblower claims within the applicable statute of limitations."

On April 20, 2009, the trial court granted summary judgment in favor of IRRA and entered an order stating the "Plaintiff's claims under the Texas Whistleblower Statute are hereby dismissed." IRRA filed a motion to sever Cantu's whistleblower claims from the remaining unadjudicated causes of action. On April 24, 2009, the trial court granted the motion to sever. On July 9, 2009, however, the trial court set aside the severance order on grounds "there was no notice of hearing sent to counsel of record nor a hearing set" on the motion for severance.

On March 8, 2010, the trial court entered a new order granting IRRA's motion for severance, thus making the whistleblower claims "final and appealable." Cantu filed a motion for new trial on March 18, 2010, and IRRA filed a response thereto. On April 8, 2010, the trial court granted Cantu's motion for new trial on the whistleblower claims and expressly vacated his previous orders granting summary judgment and severing these causes of action.

II.

This appeal ensued. This cause is currently before the Court on various pending motions. Cantu filed a "Motion to Dismiss the Appeal" on grounds that the order subject

to appeal is a non-appealable interlocutory order. IRRA filed a response to the motion to dismiss contending that the Court has jurisdiction over the appeal because it is an appeal of an interlocutory order denying a motion for summary judgment that is based on an assertion of immunity by a political subdivision of the State. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon 2008). Cantu filed a reply through which he argues, inter alia, that IRRA's motion for summary judgment is based on the statute of limitations and is not based on immunity, and further, IRRA does not qualify as a political subdivision of the State. Cantu thus alleges that IRRA is not entitled to an interlocutory appeal.

Also pending before the Court is IRRA's "Motion to Stay Pending Trial," through which IRRA asserts that the underlying matter is set for trial on October 4, 2010, and that it is entitled to a stay of the trial proceedings under the civil practice and remedies code. *See id*. 51.014(b),(c) (Vernon 2008). Cantu filed a response to the motion to stay, again urging the Court to dismiss the appeal on grounds that IRRA's status as an open enrollment charter school does not qualify it as a "political subdivision" for purposes of bringing an interlocutory appeal, and again contending that the motion for summary judgment was based on limitations and not immunity.

III.

After fully reviewing and considering these matters, we reach the following conclusions. First, the motion for summary judgment at issue is not "based on an assertion of immunity" as required for an interlocutory appeal. The summary judgment motion does not address IRRA's alleged status as a governmental entity or political subdivision or otherwise assert in any way that IRRA is immune from suit. The motion does not reference sovereign, governmental, or official immunity. Rather, it seeks summary judgment

3

"because Cantu did not file his whistleblower claims within the applicable statute of limitations." Accordingly, the motion does not fall within section 51.014(a)(5) as a "motion for summary judgment that is based on an assertion of immunity."

Second, as a general rule, an order granting a new trial is an interlocutory order that is not reviewable on direct appeal from the order or from a final judgment. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) ("Except in very limited circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal."); *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). Under Texas procedure, appellate courts possess jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly confers appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex. App.–Houston [1st Dist.] 1991, writ denied). A statute authorizing an appeal from an interlocutory order is in derogation of the general rule that only final judgments are appealable; thus, we strictly construe such a statute. *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd*., 95 S.W.3d 511, 514 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

IRRA contends that the trial court's order granting a new trial and vacating the order granting summary judgment is one that is "effectively denying said motion." IRRA cites no authority in favor of this proposition. Moreover, the terminology utilized in the order at issue grants Cantu's motion for new trial and vacates, rather than denies, the motion for summary judgment. *Cf. Moncada v. Brown*, 202 S.W.3d 794, 797-98 (Tex. App.–Waco 2006, no pet.) (allowing review of an order granting a motion for new trial which expressly

4

denied a motion for summary judgment based on immunity); *see Parrish v. Brooks*, 856 S.W.2d 522, 526 (Tex. App.–Texarkana 1993, writ denied). In the instant case, nothing prevents the trial court from reconsideration of the motion for summary judgment under review or a motion for summary judgment premised on immunity.

Third, IRRA contends that it is a "political subdivision" of the State that is appealing the denial of "a motion for summary judgment that is based on an assertion of immunity by a. . . political subdivision of the state," and is accordingly entitled to an interlocutory appeal under the civil practice and remedies code. *See* TEX. CIV. PRAC & REM. CODE ANN. § 51.014(a)(5). IRRA is an open-enrollment charter school. *See, e.g., Rosencrans v. Altschuler*, 161 S.W.3d 517, 518 (Tex. App.–Eastland 2004, no pet.); *see* TEX. EDUC. CODE ANN. §12.101, 12.105 (Vernon 2006). We note that some courts have concluded that they lack jurisdiction over interlocutory appeals regarding pleas to the jurisdiction by open-enrollment charter schools because they do not qualify as governmental units. *See LTTS Charter Sch., Inc. v. Palasota*, 293 S.W.3d 830, 831-32 (Tex. App.–Dallas 2009, pet. granted); *LTTS Charter Sch., Inc. v. C2 Constr.*, 288 S.W.3d 31, (Tex. App.–Dallas 2009, pet. granted); *Terrell v. Tex. Serenity Acad., Inc.*, 290 S.W.3d 424, (Tex. App.–Houston [14th Dist.] May 21, 2009, no pet.). However, we need not address this issue herein. *See* TEX. R. APP. P. 47.1, 47.4.

## IV.

The Court, having examined and fully considered the pending motions, responses, and replies, and the clerk's record filed in this cause, is of the opinion that IRRA's attempted interlocutory appeal should be dismissed. Cantu's "Motion to Dismiss" is

5

GRANTED.  IRRA's "Motion to Stay" is DENIED.  The appeal is DISMISSED.

PER CURIAM

Delivered and filed this
17th day of September, 2010.