ACCEPTED
03-15-00451-CV
6883235
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/11/2015 11:09:27 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00451-CV

| | | |
|---|---|---|
| **ANGELA BROOKS-BROWN** | § | **IN THE THIRD** |
| | § | |
| **V.** | § | **COURT OF APPEALS** |
| | § | |
| **USAA TEXAS LLOYD'S COMPANY** | § | **AUSTIN, TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/11/2015 11:09:27 AM
JEFFREY D. KYLE
Clerk

## APPELLEE'S MOTION TO DISMISS

### TO THE HONORABLE COURT OF APPEALS:

Appellee, USAA Texas Lloyd's ("USAA Texas Lloyd's") Company moves for dismissal of this interlocutory appeal and would show the following:

## I.
## INTRODUCTION

This is an appeal from (1) an order appointing an umpire for an appraisal proceeding under a homeowners policy and, (2) an order of temporary injunction prohibiting the Appellant from pursuing appointment of an umpire in another district, and (3) denial of a plea in abatement. (CR 941, CR 946)[1] In its amended notice of appeal, Appellant Brooks-Brown states that she seeks an accelerated appeal. (CR 946)[2]

The appeal should be dismissed for want of jurisdiction because:

---

[1] The Statement of Issues to be Presented on Appeal does not reference the denial of the plea in abatement, but it is included the notice of appeal (CR 946).

[2] A Joint Report has been filed since the Clerk's Record was requested. USAA Texas Lloyd's has requested supplementation of the Clerk's Record but, in the interim, has attached an affidavit of Lisa Songy, with a copy of the Joint Report.

1.      There is no legal or statutory basis for an interlocutory appeal of the appointment of an umpire or denial of an abatement.

2.      The appraisal has been completed and USAA Texas Lloyd's has tendered payment in the amount of the award.  The temporary injunction expired by its own terms when the appraisal was completed.  Therefore, the appeal is moot.

## II.
## RELEVANT FACTS AND
## PROCEDURAL HISTORY

Appellant, Angela Brooks-Brown sustained a loss to her home in Killeen, Bell County, Texas, from fire damage occurring on or about April 4, 2014.  (CR 271, 272).  She also sustained damage from a hail storm occurring on or about May 12, 2014.  (CR 271, 272).  USAA Texas Lloyd's was her homeowners' insurer. USAA Texas Lloyd's adjusted the loss and made payment in the amount it deemed due. (CR 271, 273-74)

Brooks-Brown retained the Scott Law Offices and, by letter of September 5, 2014, contended that the payment for the hail loss was insufficient.  (CR 7, 20). Brooks-Brown then filed suit in Bell County on September 11, 2014, asserting contractual and extracontractual claims.  (CR 7).  By amendment, she added similar claims related to her fire claim.  (CR 107).  By letters of March 5, 2015 and

April 20, 2015 Brooks Brown demanded appraisal of both claims and appointed Darrell Quinney as her appraiser. (CR 420, 434).

The policy requires that, after one party demands appraisal and chooses a competent and impartial appraiser, the other party has 20 days to appoint its own competent and impartial appraiser. (CR 420, 430). If the appraisers cannot agree on an umpire within 15 days, the choice is to be made "by a judge of a court of record in the state where the 'residence premises' is located." (CR 420, 430).

USAA Texas Lloyd's appointed Mark West as its appraiser. (CR 420, 436). The two appraisers did not agree as to the scope or amount of loss and could not agree to an umpire. (CR 420, 421).

Brooks-Brown amended her petition several times. The Third Amended Original Petition was filed May 19, 2015. (CR 271). In each petition Brooks-Brown asserts that the insured property is located in Killeen, Texas, that she is a resident of Bell County, and that venue is mandatory and proper in Bell County because all of a substantial part of the events giving rise to the lawsuit occurred in Bell County. (CR 7, CR 107, CR 206, CR 271).

On June 8, 2015, Brooks-Brown attempted to non-suit the Bell County suit[3] (CR 418) and filed an action in County Court in Jefferson County seeking

---

[3] Brooks-Brown contends the non-suit was filed June 6, 2015 but was not file-stamped until June 8, 2015. (CR 758-59).

appointment of an umpire for the appraisal of Brooks-Brown's claim.[4] (CR 569, 640). The action was not served on USAA Texas Lloyd's, although a courtesy copy was provided to USAA Texas Lloyd's counsel on June 10, 2015. (CR 758, 848).

On June 9, 2015 USAA Texas Lloyd's filed a motion to have an umpire appointed in the Bell County suit. (CR 420) Brooks-Brown filed a plea in abatement, on July 9, 2015 asserting the Jefferson County Court had "dominant jurisdiction." (CR 687).

The District Court held a hearing, after notice to all parties, and, by Order of July 10, 2015, appointed Ron Bickel (a Bell County roofer) as the umpire. (CR 686). The District Court also entered a temporary injunction on July 17, 2015, enjoining Brooks-Brown from seeking appointment of an umpire in Beaumont in the unserved action. (CR 928). The court's order required that the appraisal be completed within 30 days and stated that "this Anti-Suit injunction will expire after the insurance appraisal proceeding at issue has been completed" and the court has received a joint report. (CR 928, 931).

By order of July 27, 2015, the court denied Plaintiff's Plea in Abatement. (CR 948). On August 25, 2015, USAA Texas Lloyd's received the umpire's

---

[4] Cause No. 0127771, styled *Angela Brooks-Brown v. USAA Texas Lloyd's Company*, in County Court at Law No. 1, Jefferson County, Texas. Brooks-Brown contends the suit was filed June 6, 2105 but not file-stamped until June 8, 2015. (CR 855-56).

awards. (Affidavit of Lisa Songy, Ex. 1-A) USAA Texas Lloyd's tendered payment on August 27, 2015. (Songy Affidavit Ex. 1-A) The parties filed a joint report, including a copy of the award and tender of payment by USAA Texas Lloyd's, on September 9, 2015. (Songy Affidavit, Ex. 1-A)

## IV.
## ARGUMENT AND AUTHORITIES

### A.  No Jurisdiction As to Appointment of Umpire

Brooks-Brown seeks an accelerated appeal. She asserts no jurisdictional basis in the notice of appeal, and no basis for an accelerated appeal. (CR 932, 946). Generally, appeals may be taken only from a final judgment or order. *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Schlumberger Ltd. v. Rutherford*, 2015 Tex. App. LEXIS 8886, *8 (Tex. App. — Houston, Aug. 22, 2015, no pet.); *See also* Tex. Civ. Prac. & Rem. Code § 51.014. Statutes allowing interlocutory appeal are a narrow exception to the general rule and are strictly construed. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). An appellate court has no jurisdiction over an interlocutory appeal unless expressly authorized by statute. *Id*. at 336.

Rule 28.1 Tex. R.App. P., allows for accelerated appeals from interlocutory orders (when allowed by statute), quo warranto proceedings, and appeals required by statute to be accelerated or required by law to be filed within less than 30 days of the order or judgment being appealed. The only category in which Brooks-

Brown could assert a right to accelerated appeal is an appeal from an interlocutory order.

There is, no jurisdictional basis for appeal of appointment of an umpire.[5] A party may pursue an interlocutory appeal from a temporary injunction. Tex. Civ. Prac. & Rem. Code Sec. 51.014(4). The court of appeals, however, may only review the portion of the order granting or denying injunctive relief. The right to interlocutory appeal of one issue does not create jurisdiction for other issues. *See, e.g., Easton v. Brasch*, 277 S.W.3d 558, 561 (Tex. App. — Houston [1st Dist.] 2009, no pet.) (on interlocutory appeal from temporary injunction, court lacked jurisdiction to address portion of order denying attorney's fees); *Bishop v. Clawson*, 2012 Tex. App. LEXIS 64, *8 (Tex. App. — Houston [14th Dist.] Jan. 5, 2012, no pet.) (on appeal from temporary injunction, court lacked jurisdiction to review order setting aside foreclosure sale).

The District Court also denied Brooks-Brown's motion to abate the appraisal proceeding. (CR 948).[6] The denial of a plea in abatement is not subject to interlocutory review. *E.g., Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 516 (Tex. App. – Houston [1st Dist.] no pet.*)*; *cf. State v. BFI*

---

[5] While the statutes related to arbitration are not applicable to appraisal proceedings, by analogy, there is typically no right to appeal from an order compelling arbitration. s*ee Mohamed v. Auto Nation USA Corp.,* 89 S.W.3d 830, 833-34 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (Federal Arbitration Act) or appointing an arbitrator (Texas Arbitration Act), *see CMH Homes v. Perez*, 340 S.W.3d at 451-52 (Tex. 2011).

[6] Plaintiff's notice of appeal indicates the order was made in open court. The order was signed after plaintiff's initial notice of an appeal.

*Waste Servs. of Tex., LP*, 2011 Tex. App. LEXIS 2169 (Tex. App. — Austin Mar. 23, 2011, pet. denied).

Moreover, as Brooks-Brown did not seek or obtain a stay of the proceedings, the appraisal went forward, as ordered by the Court, and has now been completed. (Affidavit of Lisa Songy, Ex. 1-A). Accordingly, as discussed below, any interlocutory appeal is now moot. Any opinion would be advisory in nature and outside the scope of the court's jurisdiction.

**B.      The Appeal is Moot**

An appeal is moot when there is no longer an issue in controversy and the court's action on the merits cannot affect the rights of the parties. *See VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993). An appellate court is prohibited from deciding a moot controversy. *See, e.g., City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App. — Dallas 2010, no pet.); *Ibarra v. City of Laredo*, 2012 Tex. App. LEXIS 5962 (Tex. App. — San Antonio July 25, 2012, pet. denied), *cert. denied*, 133 S. Ct. 2392 (2013) (after final judgment, appeal from denial of temporary injunction was moot). The Court of Appeals must dismiss a moot appeal. *Woodfield*, 305 S.W.3d at 416; *Ibarra* at * 7.

An appeal from an interlocutory order does not suspend the order unless it is superseded or the court of appeals enters a temporary order staying the proceedings. Tex. R. App P. 29. Brooks-Brown did not supersede the order nor

did she obtain a stay. Instead, the appraisal proceeded as ordered by the District Court. Two of the three members of the appraisal panel signed the award, and it is binding and enforceable on the parties. *See Cantu v. So. Ins. Co.*, 2015 Tex. App. LEXIS 8847, *9 (Tex. App. — Austin Aug. 25, 2015, no pet h.) (appraisal award made pursuant to provisions of insurance contract is binding and enforceable). The award was received on August 25, 2015 and USAA tendered payment of the award by letter of August 27, 2015. (Affidavit of Lisa Songy, Ex. 1-A). The order on the plea in abatement is moot, as the appraisal has been completed.

Brooks-Brown seeks to appeal from the temporary injunction. By its own terms, the injunction expires when the appraisal process is completed. (CR 928, 931). Therefore, any appeal is moot. *See, e.g., Richards v. Mena*, 820 S.W.2d 372 (Tex. 1991) (appeal from temporary injunction moot after district court rendered final judgment as to permanent injunction).

Brooks-Brown also seeks to appeal the order appointing an umpire. There is no independent basis for appeal of that order. Moreover, Brooks-Brown's only objection was that it preferred the Jefferson County court to appoint an umpire. Again, that issue is now moot. Even assuming, *arguendo*, that venue is irrelevant to appointment of an umpire, an umpire was appointed by a court of jurisdiction, and the appraisal was completed.

Because the controversy between the parties ended when the appraisal was completed, the appeal is moot and should be dismissed.

## V.
## PRAYER

For the reasons stated herein, Appellee USAA Texas Lloyd's requests the Court grant its motion, dismiss the appeal, and grant appellee judgment for its costs.

Respectfully submitted,

*/s/ Lisa A. Songy*
Lisa A. Songy
State Bar No. 00793122
LisaS@tbmmlaw.com
Beth D. Bradley
State Bar No. 06243900
BethB@tbmmlaw.com
Donnie M. Apodaca, II
State Bar No. 24082632
DonnieA@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100 Telephone
(214) 665-0199 Facsimile
**ATTORNEYS FOR DEFENDANT
USAA TEXAS LLOYD'S COMPANY**

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned counsel hereby certifies that she conferred with Danny Ray Scott, counsel for Plaintiff Brooks-Brown, on August 25, 2015 regarding this motion. Counsel for Plaintiff Brooks-Brown stated that he was opposed to this motion. Therefore, it is presented to the Court for consideration.


*/s/ Beth D. Bradley*
Beth D. Bradley

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of has been served upon counsel of record via electronic service and facsimile on this 11th day of September, 2015.

*Attorneys for Plaintiff*
Danny Ray Scott
danny@scottlawyers.com
Virginia Izaguirre
virginia@scottlawyers.com
Sean M. Patterson
sean@scottlawyers.com
Scott Law Offices
350 Pine Street, Suite 300
Beaumont, Texas  77701
Facsimile 409.833.5405

*/s/ Lisa A. Songy*
Lisa A. Songy

# EXHIBIT 1-A

## NO. 03-15-00451-CV

| ANGELA BROOKS-BROWN | § | IN THE THIRD |
|---|---|---|
| | § | |
| V. | § | COURT OF APPEALS |
| | § | |
| USAA TEXAS LLOYDS COMPANY | § | AUSTIN, TEXAS |

## AFFIDAVIT OF LISA A. SONGY

| THE STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF DALLAS | § |

On this day came before me the affiant who, being duly sworn, stated as follows:

1. My name is Lisa Songy. I am licensed to practice law in the State of Texas and am counsel for USAA Lloyds of Texas ("USAA") in this matter. I am over the age of 18 years, am fully competent to make this affidavit and the facts stated herein are within my personal knowledge and are true and correct.

2. I received notice of the appraisal awards in the two claims asserted by Ms. Brooks-Brown on August 25, 2015. On August 26, 2015, I forwarded copies of the records to counsel for Ms. Brooks-Brown, with an acknowledgment of the payment to be made by USAA Texas Lloyds.

3. On August 27, 2015, I forwarded a check from USAA in the amount of $2,660.53 to counsel for Ms. Brooks-Brown, along with a copy of the awards.

4.    On September 9, 2015, I filed a joint report with the Court, as required by its order of July 17, 2015, attached as Exhibit A.  The report includes copies of the appraisal awards, my letters of August 26, 2015 and August 27, 2015, and the check from USAA Texas Lloyds.

FURTHER AFFIANT SAYETH NOT

_____
Lisa A. Songy


Subscribed and sworn to before me this 11th th day of September, 2015, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas


My Commission Expires:

_____

CLAUDIA VILLA
My Commission Expires
March 11, 2017

## CAUSE NO. 272,693-B

| | | |
|---|---|---|
| ANGELA BROOKS-BROWN, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | BELL COUNTY, TEXAS |
| | § | |
| USAA TEXAS LLOYD'S COMPANY | § | |
| | § | |
| **Defendant.** | § | 146TH JUDICIAL DISTRICT |

## JOINT REPORT REGARDING APPRAISAL

TO THE HONORABLE COURT:

The parties ANGELA BROOKS-BROWN and USAA TEXAS LLOYD'S COMPANY

file this, their Joint Report pursuant to the Order granting Temporary Injunction dated July 17,

2015.

The appraisal awards were completed on August 25, 2015, copies are attached hereto as

Exhibit A. On August 27, 2015 USAA Texas Lloyd's tendered payment for the awards less

deductibles and previous payments. See Exhibit B.

On July 28, 2015, Plaintiff filed her notice of appeal. Plaintiff appealed the Order on

Defendant's Motion for Appointment of Umpire for Insurance Appraisal Proceeding, the Court's

ruling on Plaintiff's Plea in Abatement and Defendant's Application for Temporary Injunction.

Plaintiff plans to continue with said appeal until the issue is decided by Third Court of Appeals.

USAA Texas Lloyd's does not agree that Plaintiff's appeal is proper nor does it concede

that the Court of Appeal currently has jurisdiction over the matters

Pursuant to the Court's previous order, the parties hereby notify the court that the

appraisal proceeding has been completed and therefore the injunction expires by its terms.

/s/ Danny Ray Scott

Danny Ray Scott
SBN. 24010920
danny@scottlawyers.com
SCOTT LAW OFFICES
350 PINE STREET
SUITE 300
Beaumont, TX 77701
409.833.5400 (Main)
409.833.5405 (Fax)
**ATTORNEY FOR PLAINTIFF**

/s/ Lisa A. Songy

Lisa A. Songy
SBN. 00793122
LisaS@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue
Suite 250 West
Dallas, TX 75204
214. 665.0100 (Main)
214.665.0199 (Fax)
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of has been served upon counsel of record via electronic service on this 9th day of September, 2015.

*__Attorneys for Plaintiff__*
Danny Ray Scott
danny@scottlawyers.com
Virginia Izaguirre
virginia@scottlawyers.com
Sean M. Patterson
sean@scottlawyers.com
Scott Law Offices
350 Pine Street, Suite 300
Beaumont, TX 77701

/ s / *Lisa A. Songy*

Lisa A. Songy

# EXHIBIT A

# Tollefson Bradley Mitchell & Melendi, LLP

2811 McKinney Ave, Suite 250 West
Dallas, TX 75204
Main: 214.665.0100
Fax: 214.665.0199

Lisa A. Songy
Admitted in Texas and California

Direct: 214.665.0107
lisas@tbmmlaw.com

August 26, 2015

**Via Fax 409.833.5405 and**
**e-mail danny@scottlawyers.com**
Danny Ray Scott
**Scott Law Offices**
350 Pine Street, Suite 300
Beaumont, TX 77701

Re:     Cause No. 272,693-B; *Angela Brooks-Brown v. USAA Texas Lloyd's Company;* In the 146th Judicial District Court of Bell County, Texas and Cause No. 03-15-00451-CV in the Third Court of Appeals Austin Texas

**Claim Nos.:**     24234074-3 Date of loss 4/4/14 and
24234074-4  Date of loss 5/12/14

Dear Mr. Scott:

Attached for your review are the appraisal awards, which USAA Texas Lloyd's received on August 25, 2015, with respect to the fire and the storm claims made by your client. These amounts were agreed to by Mark West and Ron Bickel, the court appointed umpire, as reflected on the awards. It is USAA Texas Lloyd's intent to pay the award on the storm claim less deductible and prior payments without deduction for depreciation.

With respect to the award on the fire claim, the appraisal award is for less than USAA's previous estimate. Thus, there will be no payment forthcoming with respect to the fire claim.

The check made payable to Angela Brooks-Brown, the Scott Law Offices and JP Morgan Chase Bank NA will be forwarded under separate cover. If you have any questions, please feel free to contact me.

Sincerely,

Lisa A. Songy

Attachments

LAS/ljp
Cc:     Sean Patterson via email  sean@scottlawyers.com
           Virginia Izaquirre via email   Virginia@scottlawyers.com

COMPANY: USSA Insurance

CLAIM # 024234074

INSURED: Angela Brooks-Brown
ADDRESS: 707 Aries Ave.
     Killeen, Texas 76542

## AWARD

   We, the undersigned, pursuant to the within appointment, DO HEREBY CERTIFY that we have truly and conscientiously performed the duties assigned determined and do hereby award as the Actual Cash Value and the Replacement Cost Value of said property damaged by _ hail _.

Item   As per attached inspection report from Ron Bickel Roofing, Inc -Umpire

Item   _____

Item   _____

Item   _____

Item   _____

ACTUAL CASH VALUE _____

TOTAL AMOUNT OF LOSS ___ $9,233.90 _____

SPECIAL PROVISIONS:
1. Subject to policy provisions and deductible
2. Less any previous payments per this claim
3. Policy coverage to be addressed by others

Witness our hands this _13_ day of _August, 2015_.

_____APPRAISER
Mark J. West

_____APPRAISER
Darrell Quinney

_____UMPIRE
Ron Bickel

# Ron Bickel Roofing, Inc
## 1118 N 31st
## Temple, TX 76504

254-773-1662                                                            254-791-0027
**********************************************************

## Inspection Report

August 5, 2015

Angela Brown
707 Aries
Killeen TX


Re: Brown – 707 Aries

Listed below is an itemized list of work to be performed at above address.

- Remove and replace 34 sq composition shingles – 3 tab
- Remove and replace felt paper
- Remove and replace drip edge 250'
- Remove and replace valley metal 67.00 LF
- Remove and replace 6 turtleback vents
- Remove and replace flashing – 7 pipe jacks
- Remove and replace exhaust cap 6"-8"
- Remove and replace fireplace – chimney chase cover
- Prime and paint exterior fascia 250'
- Seal and paint double garage door opening and trim
- Repair one window
- Dump fees
- Permit fees

Comments: In my opinion, the monies allocated in the amount of $9,233.90 are adequate to complete the above work.


Sincerely,

*Ron Bickel*

Ron Bickel
President
Ron Bickel Roofing, Inc

COMPANY: USSA Insurance    INSURED: Angela Brooks-Brown
              ADDRESS: 707 Aries Ave

CLAIM: Cause No. 272,693-B      Killeen TX 76542

### AWARD

   We, the undersigned, persuant to the within appointment, DO HEREBY CERTIFY that we have truly and conscientoiusly performed the duties assigned determined and do hereby award as the Actual Cash Value and the Replacement Cost Value of said property damaged by fire.

Item  As per attached inspection report prepared by Ron Bickel Roofing, Inc - umpire

Item  _____

Item  _____

Item  _____

Item  _____

ACTUAL CASH VALUE _____

TOTAL AMOUNT OF LOSS  $3,024.82

SPECIAL PROVISIONS:
    1. Subject to ploicy provisions and deductible
    2. Less any previous payments per this claim
    3. Plicy coverage to be addressed by others

Witness our hands this  24  day of   Aug-15

_____ APPRAISER

_____ APPRAISER

_____ UMPIRE
Ron Bickel

# Ron Bickel Roofing, Inc
## 1118 N 31st
## Temple, TX 76504

254-773-1662                                                                254-791-0027
*********************************************************************

# Inspection Report Addendum
## Cause No 272,693-B

August 24, 2015

Angela Brown
707 Aries
Killeen TX

Re: Brown – 707 Aries

Listed below is an itemized list of work to be performed at above address.

- Remove and replace 24 5'-6' high wood slat-cedar
- Remove and replace 2 4"x4" post-treated lumber
- Remove and replace 58' of wood fence 5'-6' high-cedar
- Till and operator for 4 hours
- Top soil 10 cubic yards
- 16 hours of general labor
- 1,060 square feet lawn-sod
- Fertilizing 2,120 square feet

Comments: In my opinion, the monies allocated in the amount of $3,024.82 are adequate to complete the above work.

Sincerely,

Ron Bickel
President
Ron Bickel Roofing, Inc

# EXHIBIT B

# Tollefson Bradley Mitchell & Melendi, LLP

2811 McKinney Ave, Suite 250 West
Dallas, TX 75204
Main: 214.665.0100
Fax: 214.665.0199

Lisa A. Songy
Admitted in Texas and California

Direct: 214.665.0107
lisas@tbmmlaw.com

August 27, 2015

**Via Federal Express**
Danny Ray Scott
**Scott Law Offices**
350 Pine Street, Suite 300
Beaumont, TX 77701

    Re:    Cause No. 272,693-B; *Angela Brooks-Brown v. USAA Texas Lloyd's Company;* In the 146th Judicial District Court of Bell County, Texas and Cause No. 03-15-00451-CV in the Third Court of Appeals Austin Texas

    **Claim Nos.:**    24234074-3 Date of loss 4/4/14 and
                     24234074-4 Date of loss 5/12/14

Dear Mr. Scott:

    Enclosed please find payment on the appraisal award in the amount of $2,606.53 with respect to the storm claim. If you have any questions please feel free to contact me.

                                Sincerely,

                                Lisa A. Songy    by BDB

                                Lisa A. Songy

LAS/ljp

Enclosure

Cc:    Beth Bradley w/enclosure
        Sean Patterson / regular mail
        Virginia Izaguirre / regular mail

FEDERAL EXPRESS

03637.21BPW.JSS1103023621.01.01.99
ANGELA D BROOKS-BROWN AND THE SCOTT LAW
OFFICES AND JPMORGAN CHASE BANK NA
C/O LISA SONGY
2811 MCKINNEY AVE STE 250 WEST
DALLAS, TX 75204

USAA Texas Lloyd's Company
PO Box 33490
San Antonio, TX 78265

INVOICE #: USAA-74400242311555373890    LOB: HOM
USAA #: 024234074    CLAIMS REP: 04290-12
LOSS RPT #: 4    CHECK #: 0012344241
LOSS DATE: 05/12/2014    CHECK DATE: 08/25/2015
POLICYHOLDER:
ANGELA D BROOKS-BROWN

| EXPLANATION OF PAYMENT | TOTAL PAYMENT AMOUNT |
|---|---|
| **OVERNIGHT** Settlement payment in lawsuit styled Brooks-Brown, Angela v. USAA Texas Lloyd's | $**2,660.53 |

93868-0215

18433-1013

**FACE OF DOCUMENT HAS A COLORED BACKGROUND. THE BACK CONTAINS AN ARTIFICIAL WATERMARK. HOLD AT ANGLE TO VIEW**

0012344241

USAA Texas Lloyd's Company
PO Box 33490
San Antonio, TX 78265    51-44/119 CT

DATE
08/25/2015

CHECK AMOUNT
$**2,660.53

PAY **Two Thousand Six Hundred Sixty and 53/100 s**

TO
THE
ORDER
OF:    ANGELA D BROOKS-BROWN AND THE SCOTT LAW
OFFICES AND JPMORGAN CHASE BANK NA

USAA #: 024234074 / LR #: 4

NATURE OF PAYMENT:
**OVERNIGHT** Settlement payment in lawsuit styled Brooks-Brown, Angela
v. USAA Texas Lloyd's
BANK OF AMERICA - HARTFORD, CT    VOID 180 DAYS FROM ISSUE DATE    AUTHORIZED SIGNATURE

⑆0012344241⑆ ⑈011900445⑈ 22400156665⑈