Opinion issued October 13, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00314-CV

————————————

**WEST I-10 VOLUNTEER FIRE DEPARTMENT, Appellant**

**V.**

**HARRIS COUNTY EMERGENCY SERVICES DISTRICT NO. 48, Appellee**

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2015-38121

## O P I N I O N

West I-10 Volunteer Fire Department appeals from an interlocutory partial summary judgment and order requiring it to turn over three fire trucks to Harris County Emergency Services District No. 48. Although we normally lack jurisdiction to review interlocutory orders, the Department argues that we may

review this interlocutory order because it modifies an earlier temporary injunction issued and is, therefore, appealable under Section 51.014(a)(4) of the Civil Practice and Remedies Code. *See Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (Section 51.014(a)(4) grants interlocutory review of orders modifying temporary injunctions).

We conclude, however, that the order does not actually modify the temporary injunction. Because we lack jurisdiction to review the interlocutory order the Department is challenging, we dismiss the Department's appeal.

## Background

District 48 and the Department cooperated for many years to provide fire protection services to residents in western Harris County. District 48, a political subdivision of Texas, was created in 1984 to provide fire protection services to western Harris County. For the past several decades, District 48 has provided these services through contractual agreements, under which the Department has provided the services, and District 48 has provided the funding.

In 2014, District 48 decided to begin providing the services itself and terminated its contract with the Department. District 48 claimed that it owned all fire protection vehicles and equipment purchased by the Department with District 48 funds. It demanded that the Department turn over possession of all property it had purchased with District 48 funds, but the Department refused. The

2

Department disputed District 48's ownership claim, arguing that it owned the property because the property was purchased with funds paid to the Department by District 48 as consideration for the services the Department had provided under the contracts. District 48 filed this lawsuit to recover the disputed property from the Department.

In 2015, the trial court issued a temporary injunction. The temporary injunction ordered the Department to turn over possession of certain vehicles to District 48—specifically, those emergency vehicles to which District 48 then held title—which were specifically listed in two sections of an attachment to the injunction. Vehicles to which District 48 did not then have title were listed in a third section of the attachment. Because ownership of those vehicles had not been resolved, they were not ordered to be turned over. The temporary injunction enjoined both parties "from damaging, removing, or disabling . . . vehicles . . . awarded to the other party . . . ." However, no vehicles were actually awarded to the Department in the order.

In 2016, District 48 moved for partial summary judgment on ownership of three vehicles—the Rescue, the Quint, and the Pumper (the "Trucks")—that had been identified in the third section of the attachment to the temporary injunction and therefore had not previously been ordered to be turned over to District 48. The trial court found that District 48 owned the Trucks, granted District 48's motion for

partial summary judgment on the ownership issue, and signed an order commanding the Department to turn over the Trucks within five days.

The Department appealed the interlocutory order, claiming it modified the temporary injunction the trial court issued earlier.

## Jurisdiction

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if authorized by statute. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Ahmed*, 99 S.W.3d at 688.

Section 51.014 of the Civil Practice and Remedies Code authorizes certain interlocutory appeals. It provides, in part, that "[a] person may appeal from an interlocutory order of a district court . . . that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction . . . ." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

Because an order that modifies a temporary injunction is the equivalent of an order that dissolves a temporary injunction and grants a new one, Section 51.014 grants an appellate court "jurisdiction to review an order modifying a temporary injunction by interlocutory appeal." *Ahmed*, 99 S.W.3d at 689 (citations omitted). In such an appeal, we may review only those parts of the order that are injunctive.

4

"When a portion of an order is injunctive, and another portion is not, we may review only that portion granting or denying injunctive relief and may not address the other portions." *Easton v. Brasch*, 277 S.W.3d 558, 561 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied)). Thus, if part of the interlocutory order modified the earlier temporary injunction, that part would be appealable under Section 51.014; any remaining parts would not.

The Department contends that Section 51.014 of the Civil Practice and Remedies Code grants us jurisdiction to review the partial-summary-judgment order. According to the Department, the order modified the temporary injunction by commanding the Department to turn over the Trucks because the temporary injunction had provided that the Trucks would remain in the Department's possession. Because of this "modification," the Department concludes, we have jurisdiction over this interlocutory appeal. We disagree.

The temporary injunction ordered the Department to turn over certain vehicles to District 48, but it did not order the Department to turn over the Trucks. Nor did it order the Department to keep and maintain the Trucks. Other than prohibiting the Department from damaging, removing, or disabling the Trucks, the temporary injunction order did not address what was to be done with them. Stated differently, the temporary injunction was a negative prohibition that forbade the

5

Department from causing harm to the Trucks; the partial summary judgment was a positive order that required the Department to transfer the Trucks because it did not own them. The temporary injunction preserved the status quo; the partial summary judgment granted affirmative relief.

Because the temporary injunction did not affirmatively grant the Department ownership of the Trucks or a right to possession of the Trucks, the temporary injunction was not modified by the part of the partial-summary-judgment order commanding the Department to turn over the Trucks within five days. Thus, we do not have jurisdiction under Section 51.014.[1] Accordingly, we dismiss the appeal for want of jurisdiction.

## Conclusion

We dismiss the appeal for want of jurisdiction. All pending motions are denied.


Harvey Brown
Justice

---

[1] We further note that while the Department relies on Section 51.014 for jurisdiction, it is not limiting itself to seeking review of a modification of a temporary injunction. Instead, the Department is asking us to review the partial summary judgment on the merits and to reverse the trial court's conclusion that District 48 owns the Trucks. But that is beyond our limited interlocutory review authority. TEX. CIV. PRAC. & REM. Code § 51.014(4); *see Easton v. Brasch*, 277 S.W.3d 558, 561 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied)). We do not have jurisdiction over this interlocutory appeal.

6

Panel consists of Justices Jennings, Keyes, and Brown.