**Opinion issued January 20, 2022**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-20-00749-CV

———————————

**KELLY CLARK, ALAN SWINDOLL, COURTNEY SWINDOLL, AND ALS ASSOCIATES, INC., Appellants**

**V.**

**HASTINGS EQUITY PARTNERS, LLC, AXIOS INDUSTRIAL GROUP, LLC, AND A&L ULTIMATE HOLDINGS, LLC, Appellees**

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2020-57652**

---

### CONCURRING OPINION

Two orders are before us: the trial court's order imposing a temporary injunction and its subsequent order modifying the scope of the injunction in part. The majority holds that the temporary injunction is void, reasoning that the trial

court's second order supersedes the first one and that the second order does not satisfy the requirements of Rule 683 of the Texas Rules of Civil Procedure. In the alternative, the majority holds that even if the second order does not supersede the first one, the two orders combined do not satisfy Rule 683's requirements.

Because the majority's alternative holding is correct, I concur in the court's judgment. But the majority errs in its primary holding. The trial court's second order, which merely modifies the scope of the temporary injunction in part, does not supersede the first order in its entirety. Blackletter law requires that we read the two orders together and harmonize them to give both effect. The majority's contrary conclusion is neither compatible with the text of the two orders nor compelled by Rule 683 or precedent. Thus, I respectfully do not join the majority's opinion.

## BACKGROUND

In October 2020, the trial court entered an order in which it temporarily enjoined the appellants from doing any of the following pending trial:

(i) engaging in any business involving the furnishing of scaffolding, insulation, sandblasting and painting to industrial or commercial customers in Texas and/or Louisiana, except as provided below;

(ii) soliciting or inducing by any means any customer of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC to enter into or engage in any business with Respondents or any affiliated entity, except as provided below;

2

(iii) soliciting or inducing by any means any customer of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC to cease doing business or cancelling any existing business relationship with any of the Petitioner entities;

(iv) soliciting or inducing by any means any employee or independent contract laborer of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC to resign or terminate their employment with any of the Petitioner entities or offer employment of any nature to any such individual with or for Respondents or any affiliated entity;

(v) destroying, removing, erasing, deleting, altering or disposing by any means or methods any documents, records, electronic mail, data, files, social media, text messages, voice mail, or other information or property relating in any way to the claims or allegations made in the pending suits filed under the above cause number; and

(vi) using, accessing, copying, divulging, disclosing or communicating to any person, firm or entity any "Confidential Information" defined in the Securities Purchase Agreement for any reason or purpose.

"The forgoing notwithstanding," in its October 2020 order, the trial court identified three services that the appellants could continue providing:

(i) Civil services of the type currently described on https://alsindustrial.com

(ii) Mechanical, welding or fabrication services; [and]

(iii) Painting, insulation and sandblasting related to new tanks fabricated and supplied for tank builders, provided that such work or services are done in Respondents' shop facilities in Rosharon, Texas or inside a tank terminal or facility.

3

In November 2020, at the appellants' request, the trial court entered a second order that modified the temporary injunction to the following extent:

> The injunction expressed in sub-paragraph (iv), at page two, is clarified and amended to allow ALS Associates LLC to hire and/or to solicit for hiring any former employee or contractor of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and Streamline Services, LLC (a) after the expiration of 90 days following said person's permanent termination from employment or contract relationship at the instance of Axios Industrial Group, LLC, A&L Ultimate Holdings, LLC, A&L Intermediate Holdings, LLC, A&L Sandblasting & Painting, Inc. and/or Streamline Services, LLC; or, (b) after 180 days following the resignation or termination of the relationship of such employee or contractor of such relationship at his/her or its initiation.

> Sub-paragraph (ii) under the paragraph beginning "The foregoing notwithstanding" on page 2 of the Temporary Injunction is amended to clarify that the permitted performance of "mechanical, welding or fabrication services" includes such additional functions as routinely and necessarily accompany the provision of such services in common practice in the industry. Such additional functions include the provision and use of necessary tools, equipment and materials, so long as same are provided and used directly in association with "mechanical, welding or fabrication services."

The trial court's November 2020 order did not otherwise modify the terms of the temporary injunction set forth in its October 2020 order. But the November order did not copy or restate the terms of the October order within its four corners.

**DISCUSSION**

The appellants appeal from the trial court's temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4) (party may appeal from interlocutory order that grants or refuses temporary injunction). They argue that any order that modifies

4

a temporary injunction order replaces the original order and therefore must itself satisfy all the requisites of Rule 683 of the Texas Rules of Civil Procedure. In other words, the appellants maintain that the trial court's "modified temporary injunction order cannot be read in conjunction with the original temporary injunction order to supply the information and statements required by Rule 683." Because the trial court's order modifying the temporary injunction does not satisfy all the requisites of Rule 683, the appellants argue, the trial court's temporary injunction is void.

## Standard of Review

We review a trial court's order granting a temporary injunction for abuse of discretion. *Abbott v. Anti-Defamation League Austin, Sw., and Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020) (per curiam). In resolving evidentiary issues, the trial court does not abuse its discretion if some evidence supports its ruling. *Id.* But the trial court abuses its discretion if it incorrectly analyzes or applies the law. *See id.*

## Applicable Law

We interpret court orders and judgments in the same way that we ascertain the meaning of other written instruments. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971); *Garcia v. Kubosh*, 377 S.W.3d 89, 98 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We must interpret them "as a whole toward the end of harmonizing and giving effect to all the court has written." *Point Lookout W. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam). In interpreting an order

5

or judgment, we consider their "entire content." *Id.* If taken as a whole, the order or judgment is unambiguous, then we "must declare the effect of the order in light of the literal meaning of the language used." *Quanto Int'l Co. v. Lloyd*, 897 S.W.2d 482, 486 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Rule 683 of the Texas Rules of Civil Procedure governs injunctions. It states:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

TEX. R. CIV. P. 683.

Rule 683's requirements are mandatory. *In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (per curiam). A temporary injunction that does not strictly comply with the rule's requirements is subject to being declared void and dissolved. *Id.* Because a temporary injunction that does not comply with Rule 683's requirements is void, rather than merely voidable, compliance with the rule cannot be waived. *Conlin v. Haun*, 419 S.W.3d 682, 686–87 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Deciding what a procedural rule, like Rule 683, requires is a question of law. *Zorrilla v. Aypco Constr. II.*, 469 S.W.3d 143, 155 (Tex. 2015). We interpret rules of procedure in the same way we interpret statutes. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). Thus, we begin with the rule's text and interpret the text in accord with its plain meaning. *Id.* at 654–55; *see also In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (courts interpret unambiguous rule according to plain or literal meaning).

## Analysis

### *The Trial Court's Two Orders Must Be Read Together*

The trial court's second order modified in part the temporary injunction stated in its first order. In particular, the second order (1) "clarified and amended" the second of six subparagraphs that restrained the appellants from engaging in certain business activities; and (2) "amended to clarify" one of three subparagraphs that excluded certain other business activities from the scope of the temporary injunction. Apart from these two limited modifications, the second order left the first order intact. The second order cannot be understood without reference to the first one.

*Clarify* means to make something "less confused and more clearly comprehensible." NEW OXFORD AMERICAN DICTIONARY 319 (3d ed. 2010). *Amend* may mean one of several things, including to "make minor changes" to a text "to make fairer, more accurate, or more up-to-date"; formally modify a legal document

7

or legislation; "make better"; or "improve." *Id.* at 50. Thus, the trial court's choice of language in the second order reinforces that we must read the two orders together. One can do otherwise only by ignoring the plain language of the second order.

In addition, the second order referred to the first order as the "Temporary Injunction." In its final paragraph, the second order denied the appellants' request "to stay enforcement of the Temporary Injunction pending appeal." Thus, the second order explicitly indicated that the second order's terms were mere amendments of the first order and that the remainder of the first order's terms remained effective.

Under these circumstances, the law of judgments requires us to read the two orders together. In general, we interpret orders like any other written instrument. *Lone Star Cement*, 467 S.W.2d at 404–05. Separate instruments contemporaneously executed as part of the same transaction and relating to the same subject may be read together as a single instrument. *Miles v. Martin*, 321 S.W.2d 62, 65 (Tex. 1959). Similarly, separate instruments relating to the same transaction may be read together even though the instruments were executed at different times. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000). It is especially appropriate to do so when, as here, one writing expressly refers to another. *E.g.*, *Kartsotis v. Bloch*, 503 S.W.3d 506, 516–17 (Tex. App.—Dallas 2016, pet. denied).

Courts apply these settled rules of interpretation about written instruments to separate orders, even when procedural rules indicate there should be a single order.

8

*See, e.g.*, *Henderson v. Shanks*, 449 S.W.3d 834, 838–39 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (reading two separate orders granting judgment to defendant on two different bases together as one judgment, notwithstanding Rule 301's requirement that trial court render single final judgment in any given case unless otherwise provided for by law); *Port Distrib. Corp. v. Fritz Chem. Co.*, 775 S.W.2d 669, 671 (Tex. App.—Dallas 1989, writ dism'd by agr.) (same). Thus, the proper way to ascertain whether the trial court's temporary injunction complies with Rule 683 is to read the trial court's first and second orders as a unified whole.

### *The Majority's Contrary Analysis Is Flawed*

The majority concludes that the trial court's second order superseded the first order. Then, based on this conclusion, the majority holds that we must decide whether the trial court complied with Rule 683 without reference to the first order.

The majority errs in concluding that the second order superseded the first one. *Supersede* means to "take the place of" or "supplant." NEW OXFORD AMERICAN DICTIONARY 1746 (3d ed. 2010). On its face, the trial court's second order did not supersede the first order. The second order modified the first order in two ways, but the second order left most of the first order's provisions intact. The majority's contrary conclusion is contradicted by the plain text of the second order, which merely clarified and amended two of the first order's nine subparagraphs.

9

An amended interlocutory order may supersede, or take the place of or supplant, the order it amends, but an amended order does not invariably do so. As here, an amended order may modify the order it amends in a more limited fashion, effectively supplanting it solely to the extent expressly stated. *See Toby Martin Oilfield Trucking v. Martin*, 640 S.W.2d 352, 353, 355–56 (Tex. App.—Houston [1st Dist.] 1982, no writ) (reviewing both trial court's original temporary injunction order and its order modifying amount of bond and holding neither satisfied rule); *see also CMNC Healthcare Props. v. Medistar Corp.*, No. 01-06-00182-CV, 2006 WL 3628922, at *5, *8 (Tex. App.—Houston [1st Dist.] Dec. 14, 2006, no pet.) (mem. op.) (dissolving trial court's order that modified temporary injunction order by supplementing latter's provisions to include additional business venture).

In other words, the extent to which an order modifying a temporary injunction order supersedes the original order is a function of the modifying order's language. Here, the language of the trial court's order modifying its temporary injunction order cannot be read as taking the place of or supplanting the original order altogether because it merely made limited changes to two of several of the original order's provisions, did not substantially change the essential nature of the original order, and did not implicitly or explicitly vacate or replace the remaining provisions of the original order. *See Ahmed v. Shimi Ventures*, 99 S.W.3d 682, 687–88 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (order modifying temporary injunction order that

restated all terms of original order with some changes was complete temporary injunction in itself and implicitly superseded original temporary injunction order); *Smith v. Smith*, 681 S.W.2d 793, 796–97 (Tex. App.—Houston [14th Dist.] 1984, no writ) (supplemental order that substantially altered nature of injunctive relief superseded and replaced trial court's original order granting injunctive relief).

The majority pays no heed to ordinary rules of interpretation. Instead, the majority announces a new rule of law: whenever an order substantively modifies a temporary injunction, the order supersedes the temporary injunction. The majority divines this new rule of law from two decisions: *Propst v. Propst*, No. 13-18-00291-CV, 2019 WL 5609964 (Tex. App.—Corpus Christi Oct. 31, 2019, no pet.) (mem. op.), and *Arrechea v. Plantowsky*, 705 S.W.2d 186 (Tex. App.—Houston [14th Dist.] 1985, no writ). Because the trial court's second order substantively modified the first order, the majority holds the second order superseded the first order.

Neither *Propst* nor *Arrechea* articulate the rule that the majority sees in them. Nor did they address facts like those before us. Both decisions are inapposite.

In *Propst*, the trial court entered a temporary injunction order from which none of the parties appealed. 2019 WL 5609964, at *1–2. More than a year-and-a-half later, the trial court entered a second order that extended the temporary injunction but revised its terms in multiple ways. *Id.* These revisions included the deletion of one paragraph, a reduction in the amount of royalties to be paid under

11

another paragraph, and a change in the duration of time during which these royalties were to be paid. *Id.* at *2. When the defendants appealed from this second order, the court of appeals initially dismissed their appeal for want of jurisdiction but then reversed itself. *Id.* at *1. The jurisdictional issue was whether the second order was appealable because "a subsequent temporary injunction order which simply extends the initial temporary injunction is not appealable" under Section 51.014(a)(4) of the Civil Practice and Remedies Code. *Id.* at *2. The court of appeals reasoned that a later order merely extends a temporary injunction only if it extends the injunction's duration and makes no substantive changes. *Id.* Because the second order substantively modified the first one, the court held it was not a mere extension and thus was appealable as an order granting a temporary injunction. *Id.* at *3.

In short, *Propst* addressed whether the order before it was a mere extension of a temporary injunction, which is not an appealable interlocutory order, or an order modifying a temporary injunction, which is an appealable interlocutory order. In doing so, *Propst* was applying well-settled law. *See Toby Martin Oilfield Trucking*, 640 S.W.2d at 353–55 (order modifying temporary injunction is appealable). But this has little or nothing to do with the present issue, which is when and why an order modifying a temporary injunction order supersedes the original order.

The *Propst* court then went on to address the merits, holding that the trial court's second order was void because it did not satisfy the requirements of Rule

12

683 of the Texas Rules of Civil Procedure. 2019 WL 5609964, at \*4–5. In doing so, the court of appeals concluded that the second order's reference to the first order's findings was not enough. *Id.* at \*4. In particular, the court stated that a later order that "only superficially states that material facts from a previous temporary injunction order have been incorporated, although the subsequent order has been substantially changed, does not comply" with Rule 683. *Id.* at \*5. But that holding— that a substantially changed modification order cannot be justified by mere reference to findings made more than a year-and-a-half beforehand—is quite different from a rule that any substantive modification whatsoever supersedes the original order.

In *Arrechea*, the trial court entered a temporary injunction from which none of the parties appealed. 705 S.W.2d at 187–88. The litigation arose out of a commercial lease, and the trial court's injunction prohibited the defendants from interfering with the lease and left the defendants in possession of the property subject to certain terms. *Id.* Almost three years later, the trial court entered a second order modifying the temporary injunction, which required the defendants to vacate the premises within three days. *Id.* at 188. The defendants appealed from this second order. *Id.* Without discussing the actual contents of either order in any detail, the court of appeals held that the trial court's first order satisfied the requisites of Rule 683 of the Texas Rules of Civil Procedure but the order modifying the original one did not. *Id.* at 189. Thus, the court of appeals dissolved the modification order.

In defense of the modification order, the plaintiffs had argued that the court of appeals should read the trial court's two orders together. *Id.* The court of appeals rejected this defense, observing that "the modified order cannot be read in conjunction with the original order to supply the necessary facts." *Id.* But the court of appeals said so on a particular record. In *Arrechea*, the trial court entered two very different temporary injunctions almost three years apart: the first left the defendants in possession of the disputed property and the second dispossessed them of it. On their face, the findings that supported the trial court's first order could not support the second one. The court of appeals did not, however, hold that all orders that substantively modify a temporary injunction supersede the original order. It was simply the case that the particular modification order at issue in *Arrechea*, which altered the essential character of the injunctive relief originally granted, did so.

In sum, the takeaway from *Propst* and *Arrechea* is not that any substantive modification of a temporary injunction order results in the modification order superseding the original temporary injunction order as a matter of law. Rather, both decisions stand for the proposition that substantial, not just substantive, modifications made long after the issuance of the original temporary injunction order cannot be sustained by reference to the original temporary injunction order's findings. This proposition reflects a commonsense understanding that findings made

14

long ago in support of one temporary injunction cannot support another temporary injunction that substantially differs in its terms from the terms of the original one.

The case before us is not like *Propst* or *Arrechea*. Here, the trial court modified its original temporary injunction order within a month of its issuance. The modification order was limited to two particular provisions and clarified and amended these two provisions in a manner that narrowed the scope of the original order to the benefit of the appellants by restraining their activities less than before. Specifically, the trial court modified its first order as follows:

- instead of categorically prohibiting the appellants from trying to hire or induce the resignation of any of the appellees' employees or contractors under any circumstances, it prohibited the appellants from trying to hire former employees and contractors within 90 days of the involuntary termination or 180 days of the voluntary termination of their employment or contractual relationship with the appellees; and

- instead of just allowing the appellants to provide mechanical, welding, or fabrication services, it allowed the appellants to provide these three services as well as any additional functions that routinely and necessarily accompany these services in common practice in the industry, provided that these additional functions were done directly in association with mechanical, welding, or fabrication services.

Because these modifications did not change the terms of the temporary injunction order for the most part or alter its essential character long after it was entered by the trial court, *Propst* and *Arrechea* are inapposite. These two limited modifications neither require us to hold that the trial court's second order superseded the first one nor disallow us from reading the trial court's two orders as a unified whole.

15

Our decision in *Ahmed* is instructive. In that case, the trial court entered a temporary injunction and then entered an order modifying the temporary injunction a month or so later. 99 S.W.3d at 686–87. The modification order was "substantively similar" to the original order aside from several changes; specifically, it lowered the amount of the plaintiffs' bond, changed some compliance dates, and added a provision applicable to non-party insurers. *Id.* at 687. We held that the modification order superseded the original temporary injunction order, but we did so only because the modification order was "identical to the first order" in all other respects, "concerned exactly what the earlier order had, and did not incorporate by reference any terms from the first order or state that it merely supplemented the first order." *Id.* In other words, the modification order "was a complete temporary injunction in itself" and "thus implicitly superseded the earlier order." *Id.* at 687–88.

In contrast, the modification order before us does not restate the terms of the first temporary injunction order in identical fashion but for some changes. On its face, the modification order is not a complete temporary injunction order in itself. Nor does the modification order purport to be a complete temporary injunction order. Instead, the modification order expressly refers to the first temporary injunction order, stating that the first order "is clarified and amended as follows," and then specifies changes to the scope of two particular provisions of the first order. Notably, the modification order refers to the first order as the "Temporary Injunction." In its

16

final provision, the modification order denies the appellants' request "to stay enforcement of the Temporary Injunction pending appeal." Thus, unlike the modification order in *Ahmed*, the one before us indicates that its terms are merely supplemental and that the unmodified terms of the first order remain intact.

In short, *Ahmed* implicitly refutes the substantive-modification rule the majority advocates. If any substantive modification of a temporary injunction always resulted in supersession, then *Ahmed* would have been decided on that ground because the trial court's modification order in that case substantively modified the original temporary injunction order. 99 S.W.3d at 687 (trial court's order modified bond amount and compliance dates and included entirely new insurer provision). But *Ahmed* instead focused on different considerations—the modification order's completeness, identical content but for specific changes, and lack of reference to the prior temporary injunction order or other indication that the modification order was merely supplemental in nature—in concluding that the modification order superseded the first temporary injunction order in that case. *Id.* at 687–88. Consistent with the law of judgments, *Ahmed* looked to the plain language of the trial court's orders to ascertain whether one superseded the other. We must do so here too.

Notwithstanding its holding that any substantive modification results in supersession, the majority also suggests we could in fact read the two orders together if only the trial court had expressly stated that it was incorporating the terms of its

17

first order into its second one and also affixed the first order to the second one as an attachment. In making this suggestion, the majority effectively reads a single-order requirement into Rule 683 without acknowledging that the majority is doing so.

While Rule 683 contains multiple requirements, the rule's text does not require that all the terms of a temporary injunction be stated in a single order. The rule mandates that a temporary injunction order "shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683. Interpreting this requirement, courts have held that a temporary injunction order cannot simply identify the restraints it imposes by referencing some other document, but may do so if the referenced document is attached so that the order and attachment effectively become one writing. *See, e.g.*, *Parham Family Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 789 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (temporary injunction order that referenced warranty deed did not violate Rule 683 given that deed was attached to order and thereby became part of order); *Layton v. Ball*, 396 S.W.3d 747, 753 (Tex. App.—Tyler 2013, no pet.) (temporary injunction order that referenced manual did not violate Rule 683 given that manual was attached to order and thereby incorporated into order). Similarly, courts have held that a temporary injunction order need not even attach a referenced document, provided that it restates the relevant text from the referenced document or otherwise identifies the enjoined conduct in reasonable detail. *See, e.g.*, *Noell v.*

18

*City of Carrollton*, 431 S.W.3d 682, 713–14 (Tex. App.—Dallas 2014, pet. denied) (temporary injunction order did not violate Rule 683 by referencing but not attaching note and contract to extent order restated relevant text of both documents); *Rugen v. Interactive Bus. Sys.*, 864 S.W.2d 548, 552–53 (Tex. App.—Dallas 1993, no writ) (temporary injunction order did not violate Rule 683 by referencing but not attaching two sealed exhibits containing confidential information because defendant had access to these exhibits and understood what conduct injunction prohibited).

Properly understood, the preceding decisions, and the requirement of Rule 683 that they interpret, concern the extent to which a temporary injunction order may rely on other writings to identify the restraints imposed by the injunction. The question before us—whether an order modifying a temporary injunction order can refer to the original order without restating all of the original order's terms and be read together with the original order as a unified whole—is a different question.

The purpose of Rule 683's requirement that an injunction refrain from identifying the enjoined conduct by reference to other documents is to ensure that the enjoined party has notice of the prohibited conduct. *TMRJ Holdings v. Inhance Techs.*, 540 S.W.3d 202, 213 (Tex. App.—Houston [1st Dist.] 2018, no pet.). But all parties to a suit are charged by law with notice of an order imposing an injunction. *Ex parte Bowers*, 886 S.W.2d 346, 349 (Tex. App.—Houston [1st Dist.] 1994, writ dism'd w.o.j.) (en banc). Hence, Rule 683's purpose for barring identification of the

enjoined conduct by reference to other documents—notice—is not implicated when a modification order simply refers to the temporary injunction order without restating the original order's terms or attaching the original order as an exhibit.

In sum, neither Rule 683 nor the decisions interpreting it support the majority's primary holding, which is that any order that substantively modifies a temporary injunction order supersedes and replaces the original order altogether. Instead, the majority's substantive-modification rule is a novel misinterpretation of the law that is undermined by the very authorities on which the majority relies.

### *The Majority's Alternative Holding Is Correct*

In the alternative, the majority holds that even if the trial court's two orders are read together, the resulting injunction is void because the two orders do not satisfy all the requirements of Rule 683 of the Texas Rules of Civil Procedure. In particular, the majority reasons that the orders violate the rule because together they do not explain why the appellees will suffer irreparable harm without the injunction.

A temporary injunction order "shall set forth the reasons for its issuance." TEX. R. CIV. P. 683. Thus, the trial court must state in the temporary injunction order "the reasons why injury will be suffered if the interlocutory relief is not ordered." *State v. Cook United*, 464 S.W.2d 105, 106 (Tex. 1971). A conclusory statement that a movant will suffer irreparable harm without the injunction is not enough. *El Tacaso v. Jireh Star, Inc.*, 356 S.W.3d 740, 747 (Tex. App.—Dallas 2011, no pet.).

Of the trial court's two orders, solely the first one addresses irreparable harm. It states only that the appellants have violated certain covenants in a purchase agreement and "will, if not restrained, likely engage in conduct that will cause [the appellees] to suffer immediate and irreparable injury, loss or damage" and that "the threatened damage to [the appellees] is impossible to accurately and fully assess." These conclusory statements do not satisfy the requirements of Rule 683. Therefore, the trial court's two temporary injunction orders, read together, are void.

## CONCLUSION

Because the majority reaches the right result, I concur in its judgment. But the majority's primary holding is mistaken. Thus, I do not join the majority's opinion.

The majority's mistake is particularly unfortunate for three reasons.

First, the majority's mistake further confuses an already confused area of the law. Courts, including our own, have mistakenly suggested *Ahmed* held that a modification order always supersedes the original temporary injunction order. *See, e.g.*, *W. I-10 Volunteer Fire Dep't v. Harris Cty. Emergency Servs. Dist. No. 48*, 507 S.W.3d 356, 358 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Ahmed* as holding that "an order that modifies a temporary injunction is the equivalent of an order that dissolves a temporary injunction and grants a new one"); *McDowell v. McDowell*, No. 02-16-00038-CV, 2016 WL 4141029, at *1 (Tex. App.—Fort Worth Aug. 4, 2016, no pet.) (mem. op.) (citing *Ahmed* for proposition that "amended or

21

modified temporary injunction supersedes and implicitly vacates a prior temporary injunction"). The majority avoids that mistake but embraces another one by adopting a similarly exaggerated view of the holdings of *Propst* and *Arrechea*.

Second, the majority's mistake invites mischief. We should be careful not to read requirements into Rule 683 that are not expressly stated in its text because overreading the rule will enable parties opposed to injunctive relief to avoid it by the stratagem of securing the entry of flawed orders. Here, the appellants successfully sought modification of the original temporary injunction order and now challenge the modification order on the basis that it superseded the original order but failed to comply with Rule 683. Under some circumstances, principles of estoppel, invited error, or waiver might prevent such opportunism. But because a temporary injunction order that does not comply with Rule 683 is void, rather than voidable, we cannot disregard noncompliance under any circumstances and must dissolve any noncompliant order. *See Conlin*, 419 S.W.3d at 686–87 (rejecting contention that appellants were estopped from challenging agreed temporary injunction because injunctions that violate rule are void).[1] While we must insist on strict compliance

---

[1] Our precedent is clear: a temporary injunction that does not comply with Rule 683's requirements is void. *Conlin*, 419 S.W.3d at 686–87. Because of the clarity of our precedent, I acquiesce in this view. But this view is not unanimous among our sister courts. *See Hoist Liftruck Mfg. v. Carruth–Doggett, Inc.*, 485 S.W.3d 120, 124–25 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (Frost, C.J., concurring) (tallying split among intermediate appellate courts on this issue). Moreover, Rule 683 is based on Rule 65(d) of the Federal Rules of Civil Procedure. *Transp. Co. of Tex. v. Robertson*

22

with Rule 683, we ought not interpret it more broadly than its language dictates, if for no other reason than to limit opportunities for gamesmanship.

Third, the majority's mistake is needless on the facts of this case. The cardinal principle of judicial restraint counsels that we generally should not decide an issue unless we must to resolve the appeal. *State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 701 (Tex. 2016). This cardinal principle is more or less enshrined in our rules of procedure, which state that we "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. Here, even if one adopts the appellees' interpretation of the trial court's orders, its two orders do not satisfy the requirements of Rule 683 when read together. My colleagues in the majority share this view, which we could have unanimously expressed in a brief opinion, but they have opted to write a more complicated opinion that resolves an issue we need not

---

*Transports*, 261 S.W.2d 549, 552 (Tex. 1953). The majority view among the federal courts appears to be that noncompliance with Rule 65(d)'s requirements as to form does not render an injunction void. *E.g.*, *Clarkson Co. v. Shaheen*, 544 F.2d 624, 632 (2d Cir. 1976); *Bethlehem Mines Corp. v. United Mine Workers of Am.*, 476 F.2d 860, 862 (3d Cir. 1973); *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 978 (11th Cir. 1986); *see also Lawrence v. St. Louis–San Francisco Ry. Co.*, 274 U.S. 588, 591–92 (1927) (decision predating enactment of rules of civil procedure in which Court applied federal injunction statute requiring injunction orders to set forth reasons for issuance and be specific in their terms and held that "disregard of the statutory requirement concerning the form of the order did not render the interlocutory decree void"); *cf. Advent Elecs. v. Buckman*, 112 F.3d 267, 272–73 (7th Cir. 1997) (holding that noncompliance with rule does not render injunction void when noncompliance is technical rather than substantial in nature). Thus, if we were addressing this issue on a blank slate, I would not necessarily agree that temporary injunctions that violate Rule 683 are void.

decide to dispose of this appeal. As the time and resources of the court are limited, we should decline to exercise judicial restraint solely when we have good reason to say more than we must to dispose of an appeal. I am not convinced that we have good reason to wander into this thicket today.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

Justice Goodman, concurring.