**Opinion filed May 12, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00164-CV

_____

### GLENDA LAVERNE HARRIS, INDIVIDUALLY AND AS TRUSTEE ON BEHALF OF THE GLENDA LAVERNE HARRIS LIVING TRUST, Appellant

### V.

### CHARLES MILLING AND KAREN A. MILLING, Appellees

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C48338**

---

### M E M O R A N D U M   O P I N I O N

Glenda Laverne Harris, individually and as trustee on behalf of the Glenda Laverne Harris Living Trust, (Appellant) appeals an order from the trial court granting Charles and Karen Milling's (Appellees) Motion to Enforce Rule 11

Agreement and to Modify Temporary Injunction. Appellant argues that we have jurisdiction under Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code to review this interlocutory appeal because the order modified a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2021). We conclude, however, that despite its title, the order does not actually modify the temporary injunction provisions of the order and, instead, effectively acts as enforcement of a Rule 11 Agreement entered into by the parties. Because we lack jurisdiction to review the order in an interlocutory appeal, we dismiss the appeal.

*Background*

Appellant and Appellees each own property located in Palo Pinto County, and both access their property using Butler Lane. A dispute arose at some point about the ownership of Butler Lane and who may use the road. In June 2018, Appellant filed a lawsuit in the 29th District Court of Palo Pinto County, against Appellees. On November 2, 2018, Appellant filed an application for a temporary restraining order, requesting that the court order Butler Lane to remain open and order Appellees not to interfere or harass visitors to Appellant's property. The court entered a temporary restraining order four days later, ordering Appellees to "open up the access gate at Butler Lane and to cease, desist and refrain from denying [Appellant] or their hunters from accessing the gate at Butler Lane." A temporary injunction hearing was scheduled for November 20. Appellant filed an amended motion for partial summary judgment on November 20, the originally scheduled hearing date, and Appellees followed by filing a no-evidence motion for summary judgment on November 27.

On November 20, 2018, instead of proceeding with the temporary injunction hearing, Appellant and Appellees entered into and filed a Rule 11 Agreement.[1] Following this agreement, the trial court held a hearing in December on the motions for summary judgment. The trial court issued a letter to all counsel on January 8, 2019, but it was not until March 14, 2019, that the trial court signed an order (1) denying Appellant's motion for partial summary judgment, (2) granting a continuance on Appellees' no-evidence motion for summary judgment, and (3) issuing a temporary injunction.[2] The trial court ordered that the temporary injunction would remain in effect until the date of trial or until further order.

On June 11, 2020, Appellees filed a motion to enforce the Rule 11 Agreement and to modify the temporary injunction. Appellees asked the trial court to "eliminate any confusion" as to the obligations under the Rule 11 Agreement and temporary injunction. The trial court held a hearing on July 7, 2020, and signed an order granting the motion the same day. The order stated that the "Plaintiff, to the best of her ability, is required to provide Defendants . . . a list of the people who will enter [Defendants'] Property." The order also required that the list include the person's name, and information about their vehicle, and stated it would remain in effect until the trial date or further order of the court. Appellant filed this appeal claiming that

---

[1]The Rule 11 Agreement states:

> The parties agree to a temporary injunction on the same terms as the Court's November 6, 2018 TRO, effective through the date of the Court's ruling on the parties' cross motions for Summary Judgment.

> Plaintiff agrees to give the Defendants a list of the people who will enter the Defendants' property, which shall include each person's name, color/make/model of their vehicle, and their license plate numbers.

[2]The letter to counsel included a statement that "the Court is inclined to continue the injunctive relief pursuant to the temporary restraining order and the parties['] Rule 11 Agreement." The order itself made no mention of the Rule 11 Agreement, but did enjoin Appellees from preventing Appellant or "their family, guests or invitees from traveling to [Appellant's] property."

the trial court abused its discretion in modifying the temporary injunction and in enforcing the Rule 11 Agreement.

## Jurisdiction

In general, an appeal may be raised only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *West I-10 Volunteer Fire Dep't v. Harris Cty. Emergency Servs. Dist. No. 48*, 507 S.W.3d 356, 358 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Interlocutory orders are not final judgments and may be appealed only if authorized by statute. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Section 51.014 of the Texas Civil Practice and Remedies Code authorizes certain interlocutory appeals. *See* CIV. PRAC. & REM. § 51.014. This section provides, in part, that "[a] person may appeal from an interlocutory order of a district court . . . that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction." *Id.* § 51.014(a)(4).

An order that modifies a temporary injunction is the equivalent of an order that dissolves a temporary injunction and grants a new one. *West I-10*, 507 S.W.3d at 358. The trial court has the discretion to modify temporary injunctive orders as it determines to be appropriate. An appellate court has "jurisdiction to review an order modifying a temporary injunction by interlocutory appeal" under Section 51.014(a)(4). *Id.* (quoting *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2003, no pet.)). However, "we may review only those parts of the order that are injunctive." *Id.* at 358−59.

Although, here, the trial court signed an order titled "Order Granting Motion to Enforce Rule 11 Agreement and Modify Temporary Injunction," in effect, the trial court only enforced the Rule 11 Agreement through the date of trial or until further order of the court. The trial court is permitted, and has a ministerial duty, to

enforce a valid Rule 11 Agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454 (Tex. 1995); *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Despite this general power of the trial court to enforce these agreements, there is nothing that grants an appellate court interlocutory appeal jurisdiction to consider a trial court's enforcement of a Rule 11 agreement. Further, Appellant concedes that the "enforcement of the agreement" (the requirement to provide Appellees with a list of names) is "not . . . injunctive relief." We agree—the provision of a list of names with vehicle information was part of the Rule 11 agreement. Because the trial court's order is not injunctive in nature, we may not review the trial court's decisions thereon in an interlocutory appeal. *See West I-10*, 507 S.W.3d at 358−59. Therefore, as the trial court's order enforces only a Rule 11 Agreement, rather than modifying a temporary injunction, we have no jurisdiction under Section 51.014 over this interlocutory appeal.

## *This Court's Ruling*

We dismiss the appeal for want of jurisdiction.

W. BRUCE WILLIAMS
JUSTICE

May 12, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.